Susie T. Cooper, Appellee, v. The Order of Railway Conductors of America, Appellee, and Lizzie B. Cooper, and John N. Cooper, her guardian, Appellants.

**Fraternal insurance:** BENEFICIARIES: RIGHTS OF PARTIES. The beneficiary named in a certificate of mutual benefit insurance has no vested or property interest therein which is the subject of sale and transfer, and the extent of the insured's control over it is the right to select a new beneficiary; so that any promise on his part to keep the same in force for the benefit of another in case of the death of the beneficiary named, will not create an enforceable obligation. Thus where the rules of the association provided that in case the beneficiary was not living at the death of a member, his wife, if living, should be entitled to the benefit, but if not, then it should be paid to his children: *Held,* that upon the death of the beneficiary and later the assured, without change in beneficiary, his second wife was enentitled to the benefit, although he had promised his first wife, the named beneficiary, that he would keep the certificate alive for the benefit of a child of the first wife.

**Same:** ESTOPPEL. The party claiming an estoppel has the burden of proof on that question. In the instant case the evidence is held insufficient to show that decedent's second wife was estopped from claiming the benefits under the certificate, as against a child by his first wife; the certificate as originally issued providing for payment of benefits to the widow, if living, and no change ever having been made.

*Appeal from Linn District Court.*—Hon. W. N. Treichler, Judge.

TUESDAY, SEPTEMBER 24, 1912.

THE opinion states the case.—*Affirmed.*

*C. V. Puryear, U. C. Blake,* and *Redmond & Stewart,* for appellants.

*J. M. Robinson* and *Deacon, Good, Sargent & Spangler,* for appellees.

WEAVER, J.—The defendant association is a mutual benefit organization, of which William F. Cooper was a member in good standing. On February 1, 1908, Cooper died, leaving his benefit certificate in full force. The association conceded its liability to pay the benefit of $3,000 in full; but controversy having arisen as to the person entitled to receive it, this action was instituted. The fund has been deposited in court, to be paid over to the proper beneficiary when that question has been judicially determined. The facts, so far as material, are as follows:

By the rules of the society, if the beneficiary designated in the certificate is not living at the time of the member's death, the benefits thereby provided are to be paid to the first named of the following persons who may survive him: (1) His widow; (2) his child or children; (3) his father; (4) his mother; (5) his brothers and sisters. William F. Cooper became a member of the order July 28, 1897, and his benefit certificate was made payable to his wife, Alice F. Cooper. In September, 1897, Alice F. Cooper died, leaving an only child, an infant daughter, Lizzie D. Cooper, who is appellant herein. Five years later William F. Cooper married again; the wife of this marriage being Susie T. Cooper, who is plaintiff in this case. No new certificate was ever issued to the deceased by the defendant Order of Railway Conductors; but the original instrument was preserved, and plaintiff's claim of recovery

is based thereon. The daughter of the first marriage has been made a party to the proceeding, in order that her rights, if any she has, in the fund may be adjudicated. The plaintiff demands recovery on the theory that, as the wife of the deceased at the time of his death, the rules of the society and the express terms of the certificate entitle her to demand and receive the money, which was originally made payable to the former wife, who died before the certificate matured into a legal demand. On part of Lizzie D. Cooper it is claimed that, shortly prior to the death of the first wife and at her request, William F. Cooper promised and agreed to keep said certificate in force for the benefit of their said child, and that he did in fact pay the dues and charges thereon from time to time for that purpose, and placed the certificate in the hands of his father or brother, to be held for the said child. It is further alleged that plaintiff knew at all times that said certificate was being carried and kept in force for the child of the first marriage, and that she has so conducted herself with reference thereto as to estop her from now asserting any right in or to said benefits hostile to the claim of said child and her guardian. The trial court found for the plaintiff, and Lizzie D. Cooper and her guardian appeal.

There is no claim or testimony that William F. Cooper ever attempted to designate or substitute a new beneficiary in the manner provided by the rules and by-laws of the society, and counsel for appellant concede in argument that but for the alleged agreement made between said Cooper and his first wife, and the alleged recognition by plaintiff of the right of the child to succeed to said benefits, the express terms of the certificate would have to be observed and payment awarded to plaintiff. Admitting, as we may, for the purposes of this case, that the second wife could so act with relation to the insurance as to estop herself from claiming it adversely to a child of the deceased, we think it must be

1. FRATERNAL
INSURANCE:
beneficiaries:
rights of
parties.

said the record fails to make the case for which the appellant contends. Even if the talk between Cooper and his first wife took place exactly as related by the witnesses, it was in no legal sense a contract. It was, at most, a request on her part and a promise on his part, creating, perhaps, a moral obligation; but it was an obligation for the enforcement of which neither law nor equity affords a remedy. The wife had no vested or property interest in the certificate or its prospective benefits. *Wandell v. Toilers,* 130 Iowa, 643. She had no right therein which she could sell or transfer to another. The husband himself had no property right in the insurance, and the extent of his control over it, if he chose to keep it in force, was to select a new beneficiary.

The utmost extent of appellant's showing in this respect is that Cooper promised his former wife to make such new selection. He failed to do so. Possibly he labored under the mistaken belief that the daughter, by virtue of her relation as heir of the wife, would succeed to the insurance without further action on his part. But, unfortunately for the child, such is not the case. By the express and unmistakable terms of the contract of insurance it is provided that if, upon the death of the member, the beneficiary therein named should not be living, the benefits shall pass to such member's widow. Had there been a *bona fide* attempt to make a change of beneficiaries, and it was sought to defeat the change because the prescribed method had not been followed with technical exactness, the writer would be disposed to disregard the irregularity and give effect to the clear intent. But here nothing whatever was done, except to keep alive and in force a contract of insurance providing upon its face for payment to a designated person, who upon the death of the member should stand in a certain relation to him. The plaintiff, his widow, did occupy that relation; the appellant did not. The necessary result is that the judgment below must be affirmed,

unless the court is able to hold, with appellant, that plaintiff has by her conduct, words, or attitude estopped herself from insisting upon her legal rights in the premises.

The burden of establishing such estoppel was upon the appellant, and in this we think the record discloses a distinct failure. Some of the most important testimony must be disregarded, because of the incompetency of the witness, to whom objection was properly interposed. But, taking the whole case as made for the appellant, it does not appear by a fair preponderance that the plaintiff had any distinct knowledge or notice of the alleged agreement or understanding between her husband and the first wife concerning this insurance, or that she ever intelligently assented to its benefits being set apart for the use of the daughter. It may be, and there is much to indicate, that plaintiff, as well as other members of the family, supposed that, the certificate having been made payable primarily to the first wife, and the appellant being her only heir, the latter would stand in her mother's place and receive the benefits of the insurance; but it does not appear that appellant or her guardian were in any wise misled, to their injury, because of plaintiff's error or ignorance with respect to their mutual rights in the premises. It is also quite apparent that, as soon as plaintiff became aware that she was herself the beneficiary, she manifested an unwillingness to relinquish her rights and has since consistently refused to do so.

2. SAME: estoppel.

Something is said in argument on the subject of equitable assignments; but we find nothing in this case to which that doctrine can be made applicable. Neither party to the alleged agreement or understanding had anything which they could assign to appellant, or any other person. No consideration passed to or from any party to the alleged conversation. There is nothing upon which specific performance could have been enforced against either party, were Cooper still living. Upon the face of the contract,

plaintiff was entitled to recover, and appellant has failed to overcome the *prima facie* case thus made.

The trial court did not err, and the judgment below is—*Affirmed.*