GEO. WANDELL, Appellant, v. MYSTIC TOILERS, GEO. W. KEITH, Intervener.

**Mutual insurance:** RIGHTS OF BENEFICIARY. The beneficiary in a
1  mutual insurance certificate has no vested interest therein during the life of the member, but is subject to the association rules providing for a change of beneficiary: and he cannot object to a change actually made or to a failure of the member to comply with any formalities in making such change, provided the application therefor was actually made and acted upon by the association during the life of the member.

**Change of beneficiary:** ESTOPPEL. Where the holder of a benefit
2  certificate executes the prescribed application for a change of beneficiary and in reliance upon the assurance of a local representative, to whom the same is directed to be delivered, that its execution is proper and the same is received and acted upon by the association, it cannot thereafter contend that the execution of the application was not in conformity with its rules and therefore void.

**Same.** Where a mutual benefit association is estopped to deny the
3  validity of an application for change of beneficiary, the original beneficiary cannot raise the objection.

**When new beneficiary entitled to the fund.** Where an insured
4  holding a mutual certificate has done all required of him by the constitution and by-laws of the association to effect a change in beneficiary, the newly constituted beneficiary is entitled to the fund even though the insured die before the association has acted upon the application for the change and issued a new certificate.

*Appeal from Delaware District Court.*— HON. FRANKLIN C.
PLATT, Judge.

SATURDAY, DECEMBER 16, 1905.

Rehearing denied Thursday, May 24, 1906.

ACTION to recover on a benefit certificate issued to Mrs.
Geo. Emma Wandell, now deceased; benefit payable to plain-
tiff, her husband. The association made no defense, but
intervener, the father of Mrs. Wandell, asserted the right to
the benefit by reason of an attempted change of beneficiary in
his favor. Trial in equity. Judgment for intervener.
Plaintiff appeals.— *Affirmed.*

*R. E. & V. T. Price* and *Fred B. Blair,* for appellant.

*Yoran, Arnold & Yoran* and *Dunham, Norris & Stiles,*
for appellee.

McCLAIN, J.— A benefit certificate for $1,000 was is-
sued in 1900 to Mrs. Wandell as a member in the defendant
association, benefit payable to plaintiff, her husband. On
June 6, 1903, Mrs. Wandell, who was then sick at the home
of her father, the intervener, living in the country about five
miles from the town of Strawberry Point, signed the follow-
ing indorsement on the back of this certificate:

I, Mrs. Geo. Emma Wandell, to whom the within cer-
tificate was issued, do hereby surrender the same, and request
that a new one be issued in the amount of one thousand dol-
lars, and that the payment of the benefit fund due at my
death be made to George Keith, bearing relationship to my-
self of father.
Witness my hand this 6th day of June, 1903.
                    Mrs. Geo. Emma Wandell.

The certificate, with this indorsement upon it, was at
once taken by the intervener to Strawberry Point, and de-
livered to the secretary of the subordinate council of de-

fendant association, of which deceased was a member, and accepted by him, with the transfer fee of $1, for the purpose of forwarding the certificate and the proper portion of the fee to the secretary of the Grand Lodge at Des Moines for cancellation of the certificate and issuance of a new certificate, in which the intervener should be named as beneficiary. On the evening of the same day the local secretary, having signed his name as attesting witness to the indorsement by Mrs. Wandell directing a change of beneficiary, and having also procured the signature of the president of the subordinate council as attesting witness to such signature, mailed the certificate, with the indorsement thereon, to the office of the association at Des Moines.   The secretary of the local council received the certificate about three o'clock in the afternoon of June 6th, and, if he had promptly deposited it in the mails, it would have been carried in the usual course of business on the train leaving Strawberry Point at five o'clock of the same afternoon (which was Saturday), and would have reached the principal office of defendant in Des Moines on Monday morning, the 8th.   The certificate was not, however, mailed until after seven o'clock in the evening, and the next mail for Des Moines did not leave until Monday morning.   The certificate in fact reached defendant's office at Des Moines on the morning of the 9th, and on that day an entry of cancellation and issuance of a new certificate in accordance with the indorsement was entered on the face of the certificate, and a new certificate, bearing the same number, and in the name of intervener, as beneficiary, was sent to the secretary of the lodge at Strawberry Point, and was delivered by the secretary to the intervener on June 10th.   Mrs. Wandell died on June 8th, after the certificate, in due course of mail, had left Strawberry Point, and before it had reached the office of defendant in Des Moines. Notice of the death of Mrs. Wandell was received at the principal office in Des Moines on June 11th.

.The sole controversy in this case is as to whether, un-

der these facts which were stipulated by the parties, the attempted change of beneficiary. had become effective before the death of Mrs. Wandell.   The provisions of the constitution and laws of the defendant association relating to change of beneficiaries, which are by reference made a part of the certificate of membership and binding upon the member, are as follows:

Art. 12.   Change of Beneficiaries.   If a member in good standing at any time desires a change in the name of his or her beneficiary or beneficiaries, he or she shall pay to the secretary of the subordinate council the fee of one dollar, and deliver to him or her his or her benefit certificate, with the surrender clause on back thereof duly filled in and executed by him or her, designating therein the change desired in the name of the beneficiary or beneficiaries.   The execution of such surrender clause by the member upon his or her benefit certificate shall be in the presence of, and attested by, the secretary of the subordinate council, and have the seal attached; provided, however, that, if the member be so situated that he or she cannot execute the surrender of the benefit certificate in the presence of the secretary of his or her council, the signature of the member thereto may be attested by a jurat or the acknowledgment of any person authorized by the law to administer oaths and take acknowledgments.   The secretary of the subordinate council shall forward said certificate, with said surrender clause indorsed thereon, and one-half of said fee of one dollar to the supreme secretary, who shall thereupon issue a new benefit certificate payable to the beneficiary or beneficiaries named in said surrender clause — provided, further, that the new beneficiary or beneficiaries so named shall be within the description of beneficiary or beneficiaries contained in Art. 11 hereof.   No change in the designation of the beneficiaries shall be of binding effect, unless made in compliance with these articles.

A mere intention on the part of the member to change the beneficiary, not acted upon in the manner required by the constitution of the association during the lifetime of the member, is ineffectual, and the first beneficiary, on the

death of the member without the required steps having been taken to effect a change, acquires a vested right. *Modern Woodmen v. Little,* 114 Iowa, 109; *Shuman v. A. O. U. W.,* 110 Iowa, 642. But, if those acts which are required by the constitution of the association to be done in order to effect the change have been done, then the change is effectual, even though some purely ministerial act remains to be done by the officers of the association, such as the making of a proper record, and the issuance of a substituted certificate. *Waldum v. Homstad,* 119 Wis. 312 (96 N. W. 806); *Counsman v. Modern Woodmen* (Neb.) 96 N. W. 672; *Luhrs v. Luhrs,* 123 N. Y. 367 (25 N. E. 338, 9 L. R. A. 534, 20 Am. St. Rep. 754). The beneficiary in a certificate of insurance in a mutual benefit association does not have a vested interest in the benefit provided for by the certificate, but is subject to the provisions of the constitution and laws of the association with reference to changing beneficiaries, and if, by such change, he is deprived of the prospective benefit, he cannot complain. *Carpenter v. Knapp,* 101 Iowa, 712; *Brown v. Grand Lodge,* 80 Iowa, 287; *Simcoke v. Grand Lodge,* 84 Iowa, 383; *Martin v. Stubbings,* 126 Ill. 387, 404 (18 N. E. 657, 9 Am. St. Rep. 620). And the beneficiary, not being a party to the contract, has no standing to object to a change which has been actually consummated, nor to the failure of the member to comply with formalities required by the contract, provided the application has been in fact made and acted upon by the association during the lifetime of the member. *Manning v. A. O. U. W.,* 86 Ky. 136 (5 S. W. 385, 9 Am. St. Rep. 270); *Schmidt v. Iowa Knights of Pythias Ins. Co.,* 82 Iowa, 304.

These propositions are not controverted by counsel for appellant, but they insist that the change of beneficiary was not effected by Mrs. Wandell during her lifetime, because her indorsement on the certificate was not signed in the presence of the secretary of the local council, nor attested by a

*[margin note: 1. MUTUAL INSURANCE: rights of beneficiary.]*

jurat or acknowledgment, as required by the provisions of
the constitution; that the secretary of the lo-
cal council had no authority to waive this
requirement; and that the new certificate was not issued
by the general office of the association at Des Moines until
after Mrs. Wandell's death, and therefore not until the rights
of appellant had become vested. With reference to the
sufficiency of Mrs. Wandell's acts, some facts are to
be considered which do not appear from the agreed
statement, but were established by the testimony of
witnesses on the trial. It thus appears that, before Mrs.
Wandell signed the indorsement on the policy directing a
change of beneficiary, she had some discussion with her
attending physician as to how the desired change should be
made, and that he expressed doubt as to whether her sig-
nature to the indorsement would be sufficient, in the ab-
sence of attestation of the secretary of the local council as
having been made in his presence, or a jurat or acknowl-
edgment by a person authorized to administer oaths or take
acknowledgments, and the physician advised her that she
could ascertain the sufficiency of such indorsement only by
application to the secretary himself. That some question
might properly be entertained as to the necessity for at-
testation by the secretary of the signature in his personal
presence is indicated by the language of this court in *Sim-
coke v. Grand Lodge,* 84 Iowa, 383, where the court re-
frained from deciding that under a similar provision a per-
sonal witnessing of the signature by the local officer is neces-
sary. Thereupon the intervener, at Mrs. Wandell's request,
took the certificate with the signed indorsement upon it to
the secretary of the local council, and asked him whether the
indorsement was sufficient to effect the change, and was as-
sured that it was sufficient, if accompanied with the pay-
ment of the fee of $1.50, which was to be forwarded to the
general office of the association; and the fee was then paid

*Margin note:* 2. CHANGE OF BENEFICIARY: estoppel.

in accordance with his suggestion, and he voluntarily affixed his attestation to Mrs. Wandell's signature.   There was ample time to procure a signature either in the secretary's presence or before a proper officer, and to deliver the certificate, with the indorsement thus properly verified, to the secretary before the death of Mrs. Wandell; and there is every reason to assume that, had the intervener been advised that additional verification was necessary, it would have been procured.   This is a clear case, then, of reliance on the assurance of the secretary as to the sufficiency of the indorsement such as to operate as an estoppel on the association to question the validity of such indorsement.   *Alexander v. Grand Lodge,* 119 Iowa, 519; *Modern Woodmen v. Lane,* 62 Neb. 89 (86 N. W. 943); *Modern Woodman v. Coleman,* 64 Neb. 162, (89 N. W. 641); *Supreme Tent v. Volkert,* (25 Ind. App. 627) 57 N. E. 203; *Mettner v. Northwestern Nat. Life Ins. Co.,* 127 Iowa, 205.

The Nebraska cases just cited are based on the doctrine of waiver, and counsel for appellant insist that in this case there could be no waiver by the acts of the local secretary, in view of a stipulation in the constitution of the association that no officer or agent has authority to waive their provisions.   As to the effect of such a stipulation against waiver, the authorities are in irreconcilable conflict but we do not find it necessary to pass on the point, for we think that the facts in this case clearly show an estoppel.   Waiver is quite a different matter from estoppel, for, to constitute a waiver, action to the prejudice of the party in reliance on the conduct of the officer or agent is not essential, while such reliance is essential where estoppel is sought to be shown; and we think that the local secretary, by inducing Mrs. Wandell to believe that the indorsement was sufficient and to refrain from any attempt to further verify her signature, and by accepting the payment of $1 on the theory that the indorsement was sufficiently verified, es-

topped the association from questioning the sufficiency of the indorsement.

If the association was thus estopped by its conduct during the lifetime of Mrs. Wandell, the plaintiff lost his right to afterward raise the objection which the association itself could not raise.

3. SAME.

Some of the members of this court, the writer being one of them, would affirm the judgment of the trial court, rendered in favor of the intervener, on the theory that the surrender of the certificate with the indorsement, the sufficiency of which the association is estopped from questioning, completed the change of beneficiary, and entitled the intervener to recover at law against the association on such new certificate as it was the duty of the association to issue when the old certificate was surrendered with such indorsement. As it seems to us, the right of intervener became perfect when everything had been done, which, by the rules of the association, was required to be done to change the beneficiary, and that the ministerial act of issuing a new certificate, no discretion as to its issuance being reserved to the association, was wholly immaterial, so far as intervener is concerned. The rules of the association already quoted provide that a member desiring to change the name of the beneficiary in his certificate shall pay the required fee and deliver his certificate, duly indorsed, to the secretary of the subordinate council. It is then directed that such secretary shall forward the certificate with one-half the fee to the supreme secretary, who shall thereupon issue a new benefit certificate. The question on which the judges of this court are divided is whether under these provisions the change takes place when the certificate is delivered to the local secretary, or only when the new certificate is issued; and this is a question as to the construction of the language of the rules. Those of us who believe that a legal right accrued to the intervener in this case base their conclusion

4. WHEN NEW BENEFICIARY ENTITLED TO THE FUND.

on the ground that the language of the rules should be liberally construed for the purpose of carrying out their manifest intention, and that, as the language with reference to what the officers of the association shall do when the certificate is surrendered and fee paid is mandatory, the legal rights of the new beneficiary should not be made to depend, in the absence of controlling language, on the performance by the officers of the association of purely ministerial acts.

We think that our position is sustained by a well-considered case in the New York Court of Appeals (*Luhrs v. Luhrs,* 123 N. Y. 367 (25 N. E. 388, 9 L. R. A. 534, 20 Am. St. Rep. 754), the doctrine of which is stated and reaffirmed in *Donnelly v. Burnham,* 83 N. Y. Supp. 659 (86 App. Div. 226, *affirmed* by the Court of Appeals without an opinion, 69 N. E. 1122), in the following language:

In the Luhrs Case it was provided by the constitution of the organization that the change in the beneficiary might be made by surrendering to the lodge of the insured his certificate, to be forwarded to the supreme lodge, which was thereupon required to cancel the original certificate and issue a new one in lieu thereof. The insured surrendered his certificate to his lodge, with directions for the issue of a new certificate naming a new beneficiary. It was mailed to the supreme lodge, and on the same day it was mailed the insured died. The old certificate and the request were received two days later at the home office, formally canceled, and the new certificate issued. It was held that as the insured had done all that was required of him in order to effectuate his intent to change the beneficiary, and all that remained to be done was purely formal in the doing of which the supreme lodge had no discretion, the old certificate was to be regarded as canceled when it was properly surrendered to the branch lodge, the authorized agent of the association; that the death of the insured did not operate to prevent the consummation of the surrender; and that the subsequent issuing of the new certificate, as directed, should be held to relate back to the time of the surrender.

This seems to be the view also announced in *Waldum v. Homstad,* 119 Wis. 312 (96 N. W. 806.)

The decision of this court in *Shuman v. A. O. U. W.*, 110 Iowa, 642, is not in conflict with this view, for in that case the express provision of the constitution of defendant association was, that no change of beneficiary should be valid until reported to the grand recorder, and the old certificate filed with him and a new benefit certificate issued. Under that provision the change was, by express provision, to be made on application to the grand recorder, and the surrender of the certificate to the officer of the local lodge was not contemplated. The court, therefore, held that a change could not be made in any other manner, and, as there was no element of estoppel in that case as there is in this, we decided no more than the simple question involved in an attempt to make a change of beneficiary without having done the acts required by the constitution to effect such change; while, as we think, under the language of the constitution involved in this case, the member had done the very thing which the association had pointed out in the constitution as the thing to be done, in order that the change might be effectual. The case of *Kemper v. Modern Woodmen*, Kan. 78 Pac. 452, is like the Shuman Case; it being provided in the constitution of the defendant association that no change in the beneficiary should be in force until that time. In that case, as in the Shuman Case, the certificate, with the indorsement of a request for a change of beneficiary, was mailed by the member to the head officer of the association in his lifetime, and did not reach that officer until after his death.

Other members of the court would reach the same conclusion on different grounds. They would construe the language of the constitution of the defendant association as having the same effect as the language involved in the Shuman case — that is, they would hold that a right of action could not arise in favor of the new beneficiary until the ministerial act of canceling the old certificate and issuing the new one had been performed by the officers of the as-

sociation at its general office; but they think that this case
falls within the third equitable exception set out, but not
applied in the Shuman case, and would give equitable
relief to the intervener on the ground that the insured had
pursued the course pointed out by the laws of the asso-
ciation, and had done all in his power to change the benefi-
ciary, and that, having died before the new certificate was
actually issued, the court should decree that to be done
which ought to be done, and act as though the certificate had
been issued.   They especially rely upon the case of *Lahey
v. Lahey,* 174 N. Y. 146 (66 N. E. 670, 61 L. R. A. 791,
95 Am. St. Rep. 554) (a case already referred to), in
which the exceptions set out in the Shuman Case (which
seem first to have been formulated in *Supreme Conclave v.
Cappella* [C. C.] 41 Fed. 1), are approved of.   Many au-
thorities are cited in the opinion, and under the view that
the required change of beneficiary had not been effected in
the present case by the delivery of the certificate, with the
indorsement thereon, to the officer of the local council, but
that nevertheless the member had done all that she was re-
quired to do to effect the change, there can be no reason
to question the application of the equitable exceptions stated
in the Shuman case and applied in the Lahey case with the
result that the judgment of the trial court should be af-
firmed.

The writer of this opinion desires to suggest, in conclu-
sion, that, while he entirely concurs in the view that equita-
ble exceptions may be made in proper cases, he thinks, for
the reasons which have already been pointed out, this
is not a case where it is necessary to introduce the equitable
doctrine.   Certainly, if the rights of the intervener had be-
come perfect as matter of law, it would be better to decide
the case on that ground than to resort to equitable rules, the
application of which must be attended with some uncer-
tainty because dependent upon the form of procedure and
the difficulty of reducing exceptions which are merely

equitable to any definite and consistent statement. He desires to point out, also, that the application of the equitable rule in this case does not obviate the necessity of resorting to the doctrine of estoppel, in order to enable the intervener to recover, for if the plaintiff, claiming through the association under the first certificate, is not estopped from contending that the steps required to be taken by Mrs. Wandell were not in fact taken, and as we have seen the provisions of the constitution were not complied with as to the method which she should have pursued, then neither in law nor equity was the intervener entitled to any recovery. It surely will not be claimed that the mere attempt to change the beneficiary without compliance with the requirements of the constitution of the association will be carried out by the court, save in a case where, by reason of some casualty or misfortune, such as that the certificate is lost, or is in the hands of a party adversely interested and therefore cannot be surrendered as required by the rules, the performance on the part of the member is rendered impracticable. It should also be noticed that the Court of Appeals of New York did not, in the Lahey case, discredit in any way its prior decision in the Luhrs case, but resorted to an equitable exception for the reason that the member had not done that which he was required by the constitution of the association to do, in order to effect the change, being prevented from doing so by inability to surrender the old certificate. There can be no doubt from the reading of the opinion that if, as in the case before us, everything had been done which was required by the rules of the association, then the case would have been recognized as falling within the principle of the Luhrs case, and it would not have been thought necessary to resort to any equitable exception.

The court, therefore, reaches the conclusion that the judgment of the trial court should be, and it is, *affirmed.*