# CATHERINE HUGHES v. MODERN WOODMEN OF AMERICA.[1]

### February 6, 1914.

### Nos. 18,219—(60).

**Change of beneficiary — vested interest.**

1. The beneficiary named in a benefit certificate, issued by a fraternal beneficiary association, acquires no vested interest thereunder until the death of the assured, and his expectant interest may be defeated at any time prior thereto by the proper substitution of another in his stead, but his interest becomes fixed and vested at such death and cannot be defeated thereafter.

**Change of beneficiary — requisite action before death of assured.**

2. If the assured has done all the things required of him to make a change in beneficiary, his death before the issuance of the new certificate required by the by-laws will not defeat such change, in the absence of an express provision in the contract specifying when the change shall take effect.

[1] Reported in 145 N. W. 387.

---

Note.—As to the effect of death of assured before contemplated change of beneficiary is complete, see note in 34 L.R.A.(N.S.) 277. And upon the power of the insured to destroy rights of beneficiary, see note in 49 L.R.A. 737.

Same.

3. Where the contract provided that "no change in the designation of beneficiary or beneficiaries shall be effective until a new certificate shall have been issued during the lifetime of the member, and until such time the provisions of the old certificate shall remain in force," and the request for the change was not received until after the death of the member, the proposed change did not become effective.

Action in the district court for Ramsey county to recover $2,000 upon defendant's benefit certificate of insurance upon the life of John Hyland. The facts are stated in the opinion. The case was tried before Kelly, J., who submitted to the jury the single question of whether the insured had misrepresented his age, and a jury which returned a verdict in favor of plaintiff. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Benjamin D. Smith* and *Percy D. Godfrey*, for appellant.
*Daniel W. Doty*, for respondent.

TAYLOR, C.

Defendant, a fraternal beneficiary association, issued a policy or benefit certificate for $2,000 to John Hyland in which plaintiff, his sister, was named as beneficiary. After the death of her brother, plaintiff brought this suit in the district court of Ramsey county to recover the amount of the insurance. The association in its answer asserted that the insurance had been obtained by means of fraudulent misrepresentations as to the age of Hyland, and also that he had substituted his daughter, Anna Hyland Tierney, as beneficiary in place of plaintiff. At the trial it appeared that the daughter had brought suit in the district court of Hennepin county to recover for the same insurance. At the close of the testimony, the court struck out all the evidence tending to show that the daughter had been substituted as beneficiary, and submitted to the jury the single question of whether the insured had misrepresented his age. They returned a verdict for plaintiff. Defendant moved for a new trial and appealed from the order denying the motion.

The sole question presented to this court is whether the trial court

erred in holding that the evidence was not sufficient to establish a valid change of beneficiary.

The by-laws are a part of the contract and provide:

"Section 47. If a member in good standing at any time desires a change in his beneficiary or beneficiaries and to obtain a new certificate, he shall pay to the camp clerk a fee of fifty cents and deliver to him his benefit certificate, with the surrender clause on the back thereof duly filled out and executed by him, designating therein the change desired in the beneficiary or beneficiaries. The execution of such surrender clause by the neighbor shall be in the presence of, and attested by his camp clerk. If, however, the member be so situated that he cannot execute the said surrender clause in the presence of the clerk of his camp, the signature of the member thereto may be attested by the jurat or acknowledgment of any person authorized by law to administer oaths and take acknowledgments, and the same shall be forwarded to the clerk of his local camp. The local clerk shall deposit one-half of the said fee of fifty cents in the general fund of the camp, and forward said certificate, with said surrender clause indorsed thereon, and the remaining one-half of said fee to the head clerk, who shall thereupon issue a new benefit certificate payable to the beneficiary or beneficiaries named in said surrender clause, depositing the fee of twenty-five cents in the general fund of the society. No change in the designation of beneficiary or beneficiaries shall be effective until the old certificate shall have been delivered to the head clerk and a new certificate issued during the life-time of the member, and until such time the old certificate shall remain in force. The new beneficiary or beneficiaries so named shall be within the description of beneficiaries contained in section 45 hereof. No change in the designation of the beneficiary shall be of binding force unless made in compliance with this section.

"Section 48. * * * In case a benefit certificate is lost, destroyed, or beyond the member's control, he may, in writing, on form furnished by the head clerk, waive all claims thereunder, designate the same or some other beneficiary, the same or a smaller amount of benefits, and have a substitute certificate issued by filing the said waiver with, and paying to his camp clerk a fee of fifty cents. There-

upon the camp clerk shall forward to the head clerk said waiver and one-half of said fee, whereupon a substitute certificate shall be issued as requested. No change in the designation of beneficiary or beneficiaries shall be effective until a new certificate shall have been issued during the lifetime of the member, and until such time the provisions of the old certificate shall remain in force."

John Hyland delivered his benefit certificate to his sister shortly after its issuance, and, although she visited him frequently during his last illness, he never asked her to return it. On the afternoon of Saturday, August 19, 1911, he executed and acknowledged an instrument in writing in which, among other things, he stated:

"I certify that it is not within my power to surrender said benefit certificate for the reason that same is beyond my control under the following circumstances, to the best of my knowledge, viz: Is beyond my control, my sister has the certificate and will not surrender the same, but I affirm that I have not transferred or assigned said benefit certificate to any person or persons, and that said certificate is not held or controlled by any person or persons, with my consent, except as above stated. In consideration of the issuance and delivery to me of a new benefit certificate for $2,000 payable to Anna Hyland Tierney who bears relationship to me of daughter, I hereby waive all right and benefits which I have heretofore claimed, which I may now have, or which may in the future accrue under said certificate No. 235,614, and I declare and agree that said certificate shall become null and void from the date the new certificate, hereby applied for, shall be issued by the head clerk, if such new certificate shall be issued during my lifetime. I hereby apply for and agree to accept in lieu of said certificate the new benefit certificate hereby applied for, and should the aforesaid benefit certificate be recovered, I agree to return and surrender same to the head clerk of the Modern Woodmen of America."

This document with the proper fee was delivered to the clerk of the local camp in St. Paul by the daughter about seven o'clock in the evening of the day on which it was executed. On the following day, Sunday, August 20, John Hyland died. On Monday morning, August 21, the clerk of the local camp mailed the document with the

proper fee to the head clerk at Rock Island, Illinois, but the new certificate requested was never issued.

The rights of the beneficiaries named in benefit certificates issued by fraternal beneficiary associations attach and become vested at the death of the assured and not prior thereto. Until the beneficiary acquires a vested interest in the fund by reason of the death of the assured, he possesses a mere expectancy which the assured may defeat at any time by substituting another in his stead, if such substitution be made according to the rules and regulations of the order. Under the certificate in controversy, John Hyland had the absolute right to designate his beneficiary and to change such designation at his pleasure, subject only to the requirement that the person substituted be within the class of persons eligible as beneficiaries, and that the substitution be made in the manner provided by the contract between himself and the association. His daughter was eligible as beneficiary; but whether she became substituted as such depends upon whether the execution of the instrument in which she was named as beneficiary, and the filing of the same with the clerk of the local camp, and the payment of the proper fee, were sufficient to bring about that result.

Where the contract between the assured and the association prescribes how a change of beneficiary shall be made, it is the general rule that such change can be made only in the manner prescribed. Vanasek v. Western Bohemian Fraternal Assn. 122 Minn. 273, 142 N. W. 334.

As pointed out in the Vanasek case, there are certain well recognized exceptions to this rule.

If the assured has done all the things required of him in order to make a change of beneficiary, and the only thing lacking to complete such change is the doing of some ministerial act on the part of the association, such as the making of a proper record of the change and the issuing of a new certificate, the death of the assured before the completion of such ministerial acts will not defeat the change, in the absence of an express provision in the contract fixing the time when the change shall take effect, or specifying the act which shall effectuate the change. Supreme Conclave v. Cappella, (C. C.) 41

Fed. 1; Holden v. Modern Brotherhood of America, 151 Iowa, 673, 132 N. W. 329; Wood v. Brotherhood of American Yeomen, 148 Iowa, 400, 126 N. W. 949; National American Assn. v. Kirgin, 28 Mo. App. 80; Luhrs v. Luhrs, 123 N. Y. 367, 25 N. E. 388, 9 L.R.A. 534, 20 Am. St. 754; Lahey v. Lahey, 174 N. Y. 146, 66 N. E. 670, 61 L.R.A. 791, 95 Am. St. 554; Jory v. Supreme Council, 105 Cal. 20, 38 Pac. 524, 26 L.R.A. 733, 45 Am. St. 15; Isgrigg v. Schooley, 125 Ind. 94, 25 N. E. 151; Supreme Lodge v. Terrell, (C. C.) 99 Fed. 330; Hall v. Allen, 75 Miss. 175, 22 South. 4, 65 Am. St. 601; John Hancock M. L. Ins. Co. v. White, 20 R. I. 457, 40 Atl. 5; Marsh v. American Legion of Honor, 149 Mass. 512, 21 N. E. 1070, 4 L.R.A. 382; Bacon, Ben. Soc. §§ 309, 310, 310a.

The return of the original certificate may be excused if its return be impracticable. Supreme Conclave v. Cappella, (C. C.) 41 Fed. 1; Lahey v. Lahey, 174 N. Y. 146, 66 N. E. 670, 61 L.R.A. 791, 95 Am. St. 554; Jory v. Supreme Council, 105 Cal. 20, 38 Pac. 524, 26 L.R.A. 733, 45 Am. St. 17; Isgrigg v. Schooley, 125 Ind. 94, 25 N. E. 151; Spengler v. Spengler, 65 N. J. Eq. 176, 55 Atl. 285. The cases already cited show that, if the precedent conditions had been so far performed that the association ought to have completed the change, or with proper diligence could have done so, the courts will consider the change as having been effected.

But when the contract between the assured and the association fixes the time when the change shall take effect and specifies the act which shall effectuate such change, and the assured dies before that time arrives or that act could have been performed, a different question is presented.

In the case at bar, for the purpose of avoiding controversies as to when the rights of one beneficiary terminate and those of the other begin the contract provides: "No change in the designation of beneficiary or beneficiaries shall be effective until the old certificate shall have been delivered to the head clerk and a new certificate issued during the lifetime of the member, and until such time the old certificate shall remain in force. * * * No change in the designation of the beneficiary shall be of binding force unless made in compliance with this section." The contract also provides that, "in case a benefit

certificate is lost, destroyed, or beyond the member's control," he may waive all rights thereunder and designate another beneficiary without surrendering such certificate; but further provides that, in such an event, "no change in the designation of beneficiary or beneficiaries shall be effective until a new certificate shall have been issued during the lifetime of the member, and until such time the provisions of the old certificate shall remain in force."

In the instrument by which the assured attempted to designate his daughter as beneficiary he states: "I declare and agree that said certificate shall become and be null and void from the date the new certificate, hereby applied for, shall be issued by the head clerk, if such new certificate shall be issued during my lifetime."

By the terms of this contract and by the designation made by John Hyland, it is expressly provided that no change of beneficiary shall be effective, unless a new certificate shall issue in his lifetime, and that the change shall not take effect until such new certificate shall have been issued. Whether, if the precedent conditions had been complied with, so that the association might have issued the new certificate within the lifetime of the insured but had failed to do so, effect would be given to the change under the equitable rule that the court will consider that as done which ought to have been done, we need not determine, for no diligence would have enabled the association to have issued the new certificate within the lifetime of John Hyland.

Such provisions in the by-laws have already been considered and construed by the courts. In Stemler v. Stemler, (S. D.) 141 N. W. 780, the request for a change in beneficiary was delivered to the local clerk who mailed it to the head clerk on the same day. The assured died on that day. Two days later the head clerk received the request and issued a new certificate before he knew of the death. In considering the identical by-law now in question the court say: "There was no delivery of the old certificate to the head clerk or issuance of a new one during the lifetime of the insured member, and the certificate was therefore in full force and effect at the time of the death of the said insured, and the right of the plaintiff to the proceeds of said original benefit certificate, immediately upon such death, became vested in plaintiff, and it was thereafter beyond the power of

the Modern Woodmen to change or effect such vested right of plaintiff by the revocation of the old and issuance of a new certificate in which defendant was designated as beneficiary."

In Kemper v. Modern Woodmen, 70 Kan. 119, 78 Pac. 452, the request for a change in beneficiary was mailed to the head clerk February 13, and was received by him February 16. The assured died February 15. The by-law as it then existed provided that the change should not be effective until the delivery of the new certificate. The court say: "It was competent for the assured to contract with the society of which he was a member that no change in his certificate respecting the beneficiary should take effect until the new certificate should be delivered to him. He did so agree, and we are merely upholding the stipulations in his contract when we decide that there can be no recovery against the society on a certificate never delivered. One party to a contract cannot annul its conditions without the consent of the other. As held in the case last quoted from (Coyne v. Bowe, 23 App. Div. 261, 48 N. Y. Supp. 937) the contract ought to be sanctioned, as it makes certain who the beneficiary is and prevents complications and difficulties arising in determining the rights of conflicting claimants. This was the undoubted purpose in making the by-law under consideration."

In Counsman v. Modern Woodmen, 69 Neb. 710, 96 N. W. 672, 98 N. W. 414, the assured died after the request for a change in beneficiary had been delivered to the clerk of the local camp and before it had been received by the head clerk. The court say: "It would seem that the death of the assured, Counsman, before the presentation even of this requirement for a change of beneficiaries, which was refused when presented because of its noncompliance with the by-laws of the association, effectually prevented his desire in this respect from taking effect, and caused the right to the fund to vest upon his death, *eo instanti,* in the beneficiary named in the certificate, which the by-laws provided should be still in force."

To the same effect are Knights of Honor v. Nairn, 60 Mich. 44, 26 N. W. 826; and Coyne v. Bowe, 23 App. Div. 261, 48 N. Y. Supp. 937, affirmed in 161 N. Y. 633, 57 N. E. 1107. The case of Hender-

124 M.—30.

son v. Modern Woodmen, 163 Mo. App. 186, 146 S. W. 102, recognized the same rule but held that it had been waived in that case.

Under the contract between John Hyland and the association, the old certificate remained in full force and effect, unless a new one were issued within his lifetime. The request for the new certificate was not presented in time to reach the head clerk before his death. At his death the plaintiff was still the beneficiary and her right to the proceeds of the certificate then vested. The ruling of the trial court was correct and the order appealed from is affirmed.