CHARLES HAYDEN, Appellee, v. MODERN BROTHERHOOD OF AMERICA, Appellee, ASHNA MCKINLEY HAYDEN, Appellant.

INSURANCE: Fraternal Beneficiary Insurance—Change of Beneficiary—When Effective—Compliance With By-Laws—Equitable Principles. A request by the holder of a mutual benefit certificate of insurance for a change of beneficiary, accompanied by the timely doing, on the part of the holder, of all matters and things required of *him* by his contract, may become effective without the actual issuance of a new certificate during the lifetime of the holder, *even though the by-laws of the society, literally construed, provide otherwise.* Equity treats that as done which ought to have been done.

*Appeal from Cedar Rapids Superior Court.—C. B. Robbins, Judge.*

WEDNESDAY, JANUARY 12, 1916.

ACTION in equity to enforce collection of benefits of policy or certificate of insurance issued by the defendant brotherhood upon the life of one Emsley Hayden. There was a decree in plaintiff's favor, and the last named defendant appeals.—*Affirmed.*

*Redmond & Stuart* and *Charles Penningroth*, for appellant.

*Grimm & Trewin*, for appellee Brotherhood.

*Wm. E. Treichler, C. E. Richmann* and *A. T. Livengood*, for appellee Hayden.

WEAVER, J.—Emsley Hayden became a member of the defendant brotherhood on March 22, 1904, and maintained such membership in good standing until his death, April 18, 1913. Due proofs of his death were made,

INSURANCE: fraternal beneficiary insurance: change of beneficiary: when effective: compliance with by-laws: equitable principles.

and the brotherhood is ready and willing to pay the agreed benefit of $1,000; but the same has been withheld because of the controversy arising between the plaintiff, Charles Hayden, and the defendant Ashna McKinley Hayden, each of whom claims to be the rightful beneficiary of the insurance contract and entitled to receive the payment. The facts material to an understanding of the case are as follows:

When the deceased became a member of the association, he named Ashna McKinley Hayden as his chosen beneficiary, and proper record thereof was made. The by-laws of the association provide for a change of the beneficiaries on application made therefor by a member, as follows:

"Sec. 131. BENEFICIARY, HOW CHANGED. Should a member in good standing desire to change his beneficiary or beneficiaries, such member shall deliver to the secretary of the

subordinate lodge of which he is a member, his benefit certificate with the surrender clause on the back thereof properly executed, designating therein the change desired, and the name of the person, or persons, substituted as beneficiary, or beneficiaries, together with a fee of fifty cents. The execution of said surrender clause shall be in the presence of, and attested by, said subordinate lodge secretary. Provided, however, that if the member be so situated that he cannot execute said surrender clause in the presence of said secretary, the signature of the member thereto must be attested to by the jurat of some person authorized to administer oaths. Said benefit certificate, with the said fee of fifty cents, shall then be sent to the supreme secretary, who shall thereupon issue a new certificate payable to the beneficiary, or bneficiaries, named in said surrender clause. *No change of beneficiary shall be effective until the old benefit certificate, and the said fee of fifty cents, shall have been delivered to the supreme secretary and a new benefit certificate issued during the lifetime of the member.*"

When the certificate was taken out, Emsley Hayden seems to have been a resident of Colorado, a married man, and Ashna McKinley Hayden was his minor son. Of the time following the issuance of the certificate until about April 11, 1913, nothing is disclosed in the record; but it is to be inferred that the family had been broken up. Emsley Hayden was then sick, and an inmate of the poor house at Covington, in the state of Indiana, near which place his brother, Charles Hayden, who is plaintiff herein, resided. On that day, he called in a lawyer, presented to him his membership certificate, and asked him to take the necessary steps to secure a change of the beneficiary thereof, naming his brother, Charles Hayden, in place of his son, Ashna McKinley Hayden. The lawyer thereupon filled the proper blank for that purpose, it was duly executed and witnessed, and then the application and certificate, with the required fee, were forwarded by registered mail to the supreme secretary, at Mason City, Iowa.

They reached their destination Sunday, April 13, 1913. On the following day, April 14th, the letter was received and opened by the secretary, who made no objection thereto, and seems to have started it along in leisurely course through the hands of the clerks in the office to whom such duties were assigned. On the same day, a receipt was issued for the fee, and on the following day, it was entered upon the proper register in the office. The new certificate, containing the name of the new beneficiary, was executed under date of April 19, 1913, and thereafter forwarded to the address of the insured at Covington, Indiana. It appears, however, that Emsley Hayden died on April 18, 1913, five days after the arrival of his application for change of beneficiary at Mason City, and one day before the new certificate was executed; but notice of the death had not reached the secretary's office when the paper was forwarded. Concerning these facts, there is no material dispute. There is no evidence that the insured was not in perfectly sound mind at the time he executed the application for a change, or that he did not fully understand the nature of the transaction. It affirmatively appears that he had done all that the laws and rules of the brotherhood required at his hands to effect such change, and that the officers whose duty it was to give effect to his request had not less than four full days in which to comply therewith, before death overtook him. This action was brought by Charles Hayden, the beneficiary named in the new certificate, to enforce collection of the indemnity so provided. Upon application of the brotherhood, Ashna McKinley Hayden was made a party to the proceedings and, by his guardian, asserted his claim to the benefit under the original certificate. The trial court found for the plaintiff, and the guardian of the infant defendant appeals.

The one question presented is whether, under the circumstances we have related, the court is bound to hold that no change of beneficiary was ever effected. Stated otherwise, we have to decide whether the actual issuance and delivery

of the new certificate in the lifetime of Emsley Hayden were essential to an efficient change of his beneficiary. The appellant affirms the proposition, and points to the regulation or by-law we have above quoted, saying in substance: Thus it is written; and, as the parties had the right to make their own contract and have provided in so many words that no change shall be effective until the old certificate and the fee of 50 cents shall have been delivered to the supreme secretary and a new benefit certificate issued during the lifetime of the member, nothing is left for the court, except to take notice of the admitted fact that this new certificate was not issued until after the death of the insured, and adjudge that the old certificate, therefore, remains in force, according to its terms. But we think the issue is not to be so easily disposed of. It is true that the parties had the right to agree upon the conditions which should attach to a change of beneficiary, and that the conditions named in the by-law are not obscure or ambiguous. They are, of course, to be applied and enforced according to their clear purpose and intent. But in the language so employed, is there any express or fairly implied consent by the insured that, having made his application for a change in due form, paid the required fee, surrendered his old certificate for cancellation, and having fully performed every act required of him to make such change effective, the officers whose duty it was to execute and deliver the new certificate could still hold the change of beneficiary in abeyance indefinitely, while they should wait for a more convenient season to perform that simple ministerial duty? No such stipulation is made, and the clear implication of the agreement is that, when the application is made in due form, there is no discretion in the brotherhood or its officers to refuse to recognize it. Indeed, the brotherhood neither asserts nor claims to exercise any such discretion. The contract of insurance in *Holden v. Modern Brotherhood,* 151 Iowa 673, was identical with the one now before us, and there a change was held to have been effected upon a showing much less

strong and persuasive than is here presented. The rule there approved was as follows: ''The rule that parties must comply with the rules of the society, to effect a change of beneficiary, is subject to three exceptions, namely: (1) Where the society has waived compliance or estopped itself to assert non-compliance; (2) where it is beyond the power of the member to comply literally with the regulations; (3), if the insured has pursued the course pointed out in the by-laws and has done all in his power to change the beneficiary, but, before the new certificate actually issues, he dies, . . . a court of equity will act as if the new certificate has been issued.'' In other words, in a case like the one at bar, the court will apply the old and wholesome rule that equity treats that as done which ought to have been done. The authorities referred to in the cited case abundantly sustain the conclusion .there announced. See also *Wandell v. Mystic Toilers,* 130 Iowa 639; *Wood v. American Yeomen,* 148 Iowa 400, 404; and *Luhrs v. Luhrs,* 123 N. Y. 367; also, *Grand Lodge v. Child,* 70 Mich. 163.

Construing a similar provision of the by-laws of an insurance society, the Supreme Court of Minnesota held that, where the application for a change was delivered to an officer of a local lodge of the brotherhood on the evening of the day before the insured died, and it was not mailed to the head clerk, as required by the regulations, until the day after his death, the change was ineffectual, and the beneficiary under the original certificate was entitled to recover; but, in so disposing of the case, the court takes care to say:

''Whether, if the precedent conditions had been complied with, so that the association might have issued the new certificate within the lifetime of the insured, but had failed to do so, effect would be given to the change under the equitable rule that the court will consider that as done which ought to have been done, we need not determine; for no diligence would have entitled the association to have issued the new

certificate within the lifetime of John Hyland." *Hughes v. Modern Woodmen*, (Minn.) 145 N. W. 387.

The case of *Stemler v. Stemler*, (S. D.) 141 N. W. 780, relied upon by the appellant, is not in point upon the case now before us, in its essential facts. There, as in the Minnesota case, the application was not mailed to the proper officer until after the death of the insured, and it was held ineffectual. So far, we have failed to find anywhere in the books any support for the proposition that an application for change of beneficiary made in due form to the proper officers in the lifetime of the insured, thereby perfecting his right to ask or demand the issuance of a new certificate, is not all that equity requires to perfect such change and entitle the new beneficiary to recover the promised benefit. Such were admittedly the facts of the present case. Had Emsley Hayden appeared in person at the headquarters of the brotherhood, at Mason City, on April 14, 1913, presenting his old certificate for cancellation, and a properly executed application for a new one payable to plaintiff, paying therefor the prescribed fee, no one would question his right to the new certificate or the duty of the officers to make and deliver it. In equity at least, this transaction would have been complete, and no delay in the performance of the mere ministerial duty of preparing and handing over the paper would make it any less complete. *Rancipher v. Women of Woodcraft*, (Wash.) 96 Pac. 829. The provision of the by-law on which appellant relies was fully complied with by the insured, and such being the case, the brotherhood could not be heard to say, "We admit full performance by him, but we have not yet found it convenient on our part to make and deliver to him the proper evidence of the change of his beneficiary." The brotherhood does not in fact enter any such plea. It is satisfied to recognize the change as having been perfected in the lifetime of the insured, and there is no rule of law or equity which will enable appellant to take to himself the benefit of such defense.

This holding involves no departure from the terms of the contract. On the contrary, it effects an enforcement of the contract, according to its evident intent and purpose. It is in no wise inconsistent with those decisions which hold that a mere unexecuted desire or intention to change beneficiaries is not enough, and that a change, to be effectual, must be made according to the regulations, if any, provided for in the agreement of insurance; for here, we repeat, the intent and purpose were evidenced in the very manner and according to the very letter of the agreement.

The trial court was clearly right, and its judgment must, therefore, be—*Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.