VINCENT L. JACOBS, by his next friend, J. E. JACOBS, Appellant, v. ABRAHAM LINCOLN LIFE INSURANCE COMPANY, Appellee.

No. 43900.

1158

Gilloon & Glenn, for appellant.

Smith & O'Connor, for appellee.

STIGER, J.—On July 5, 1919, The Court of Honor of Springfield, Illinois, a fraternal benefit society, issued to Cora M. Jacobs of Dubuque, Iowa, a benefit certificate insuring her life in the sum of $2,000. The certificate provided that it included the constitution and by-laws of the society as they existed at the time of the issuance of the certificate or as they might be thereafter amended, modified, or changed with the same force and effect as if written into the benefit certificate.

In October, 1924, the Society sold its life insurance business and all its assets and property to the Springfield Life Insurance Company which assumed all the liabilities of the association and all outstanding certificates of life insurance issued by it in accordance with the terms of the certificates and the provisions of the constitution and by-laws and agreed to issue to the holder of each certificate a rider of assumption of all liability thereunder. Prior to the sale the Society had voted to continue as a Lodge System. After the sale was completed the Society was dissolved.

In February, 1931, defendant, by an indorsement attached to the certificate, assumed all liability thereunder "in accordance with its terms all to the same extent and subject to the same terms and conditions as the Springfield Life Insurance Company would be liable and obligated to do."

In July, 1933, the certificate holder, Cora M. Jacobs, requested defendant to change the beneficiary according to the "change of beneficiary provision of the constitution of The Court of Honor Life Association in force and effect on October 8, 1924, making the insurance in the event of my death payable in the

stated proportion to Charles Henry Sackett, uncle $1000, Vincent L. Jacobs (plaintiff), $1000.''

On July 5, 1933, the defendant indorsed on the certificate the requested change of beneficiary. The indorsement set out the request and provided that the defendant would pay the proceeds of the policy in compliance with said request and in accordance with the terms of the benefit certificate.

The defendant is a stock company and did not have authority to issue a benefit certificate, and when a change of beneficiary was requested it was made by indorsement on the certificate.

When the Springfield Life Insurance Company assumed liability on the certificate the following provision in the constitution and by-laws for change of beneficiary was in force.

''If any member in good standing at any time desires a change in the name of his beneficiary or beneficiaries, he shall pay to the local Recorder a fee of fifty cents, and deliver to him his benefit certificate, with written surrender on the back thereof, and directions as to the change desired in the name of the beneficiary. The recorder shall then forward the same with said fee, to the Secretary of the Society, and thereupon, a new benefit certificate shall be issued as requested.''

A few weeks prior to April 6, 1934, Mrs. Jacobs became ill and on April 5 she was removed to a hospital in Dubuque. On April 6 she attempted to change the name of the beneficiary to Anna Van Valkenberg, her sister. The insured died in the evening of April sixth.

The plaintiff brought this action as beneficiary for the proceeds of the certificate. The defendant claimed that the change of beneficiary from plaintiff and Sackett to Mrs. Van Valkenberg was accomplished during the lifetime of Mrs. Jacobs. The trial court found for defendant.

■■■ We should state here that prior to this action Mrs. Van Valkenberg, claiming to be the beneficiary, brought an action for the proceeds of the certificate and a decree was entered establishing her right to the proceeds. Jurisdiction of the plaintiff was not obtained in that action so his rights were not adjudicated by the decree.

■■■ The defendant contends that the following facts and circumstances together with the aid of the equitable rules to

which we will refer later in the opinion are sufficient to establish a change of beneficiary prior to the death of Mrs. Jacobs.

On the morning of April 6, 1934, Mrs. Jacobs, who was at the hospital, told Mrs. Van Valkenberg that she wished to change the certificate and name her the beneficiary, and asked her to go to her home, get the certificate, obtain an attorney, and return to the hospital to have the change made. Mrs. Van Valkenberg went to the home of Annie McCabe, collector for defendant, who performed the same duties as she did when recorder of the local Dubuque Court of Honor, paid her the required fee of fifty cents, and secured from her a form for change of beneficiary. Mrs. Van Valkenberg then delivered the certificate and form to Mr. Allan Kane, an attorney, and, in compliance with the request of Mrs. Jacobs, arranged for him to go to the hospital to see Mrs. Jacobs. About 3 :30 in the afternoon, Mr. Kane brought the form for change of beneficiary making Mrs. Van Valkenberg the beneficiary to Mrs. Jacobs, who signed it, and thereupon Mr. Kane took the acknowledged form to his office. He received no instructions from Mrs. Jacobs. Mrs. Jacobs died about 10 :45 p. m. the same day. The next morning, April 7, Mrs. Van Valkenberg secured the certificate and executed change of beneficiary from Mr. Kane and delivered them to Annie McCabe, requesting her to send them to the company. The same day Mrs. McCabe forwarded the documents to the home office of the defendant. The defendant then wrote Mrs. McCabe that the request for change of beneficiary was not received until after the death of insured and the company could not complete the change as the interest of the beneficiary as shown by the certificate vested at the moment of death.

The benefit certificate provided the method of changing a beneficiary. This method required the insured to pay the local recorder a fee of fifty·cents, and deliver to him the benefit certificate, with written surrender on the back thereof and directions as to the change desired in the name of the beneficiary. All that the insured did to comply with these requirements was to pay the recorder fifty cents.

■■■ The law of this state, established by a long line of decisions, is that if a certificate provides a method for changing a beneficiary such method is exclusive and must be followed. Stephenson v. Stephenson, 64 Iowa 534, 21 N. W. 19; Wendt v. Iowa Legion of Honor, 72 Iowa 682, 34 N. W. 470; Shuman v.

A. O. U. W., 110 Iowa 642, 82 N. W. 331; Modern Woodmen of America v. Little, 114 Iowa 109, 86 N. W. 216; Wandell v. Mystic Toilers, 130 Iowa 639, 105 N. W. 448; Holden v. Modern Brotherhood of America, 151 Iowa 673, 132 N. W. 329; Hayden v. Modern Brotherhood of America, 173 Iowa 395, 155 N. W. 830; Hull v. Brotherhood of American Yeomen, 199 Iowa 356, 202 N. W. 6; Ehlerman v. Bankers Life Co., 199 Iowa 417, 200 N. W. 408. For cases in other jurisdictions which have adhered to the same rule, see Fink v. Fink, 171 N. Y. 616, 64 N. E. 506; Knights of Maccabees of the World v. Sackett, 34 Mont. 357, 86 Pac. 423, 115 Am. St. Rep. 532; Ancient Order of Gleaners v. Bury, 165 Mich. 1, 130 N. W. 191, 34 L. R. A. (N. S.) 277; Berg v. Damkoehler, 112 Wis. 587, 88 N. W. 606; Hughes v. Modern Woodmen, 124 Minn. 458, 145 N. W. 387.

No change having been made in the beneficiary prior to the death of the insured by the exclusive method provided in the contract, the expectancy of the plaintiff, as beneficiary, became a vested interest at her death, unless the facts bring the case within certain well recognized equitable exceptions to the rule. These exceptions are stated in the case of Shuman v. A. O. U. W., 110 Iowa 642, 82 N. W. 331, 332, as follows:

"(1) If the Society has waived a strict compliance with its own rules, and, in pursuance of a request of the insured to change his beneficiary, has issued a new certificate to him, the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued. (2) If it be beyond the power of the insured to comply literally with the regulations, a court of equity will treat the change as having been legally made. (3) If the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary, but, before the new certificate is actually issued, he dies, a court of equity will decree that to be done which ought to be done, and act as though the certificate had been issued."

The defendant does not claim that the first exception applies here.

The second exception does not apply because there is no evidence that it was beyond the power of insured to comply with the contract method of changing the beneficiary and to deliver the certificate to the defendant in compliance therewith. This ex-

ception is generally applied in cases where the rules require the surrender of the certificate and it is impossible for the insured to surrender it because of circumstances beyond his control, as where it is lost or in the possession of another person who refuses to surrender it. In regard to the second exception we stated in Shuman v. A. O. U. W., supra, that "the deceased had the certificate for more than 15 years always under his control. There is no reason shown why this change might not have been made at any time previous to his death in precisely the manner required by the terms of the contract." See Holden v. M. B. A., 151 Iowa 673, 132 N. W. 329; Thomas v. Locomotive Engineers, 191 Iowa 1152, 183 N. W. 628, 15 A. L. R. 1240; Supreme Conclave v. Cappella (C. C.), 41 Fed. 1; Reid v. Durboraw (C. C. A.), 272 Fed. 99. The insured in this case had possession of the certificate and it was within her power to comply with the regulations.

The third exception is not applicable because the insured failed to pursue the course pointed out by the laws of the association, and did not do all she was required to do, although it was in her power to fully comply with the method provided.

Before the principle that equity requires as done that which *ought* to be done can be invoked, it is necessary that the insured shall have done all that she was required to do. Equity will not consider as done that which defendant was under no obligation to do. When the insured has followed the required course, and nothing remains to be done but the issuance of a new certificate or an indorsement of the change of beneficiary on the certificate, or other ministerial acts by insurer, equity will act as though these ministerial acts had been performed by the insurer prior to the death of the insured. If Mrs. Jacobs had lived and had not done more than she did do, she would not have accomplished a change of beneficiary. In the case of Shuman v. A. O. U. W., supra, we stated "as to the third exception, it will be noticed that the first essential therein is that the insured pursued the course pointed out by the law of the association. This Shuman clearly did not do." In 21 C. J., page 201, we find the following statement relative to this maxim: "The maxim that equity regards as done that which ought to be done is applied only for the purpose of doing equity between the parties. It cannot be invoked to create a right contrary to the agreement of the parties, or in disregard of essential conditions for which the parties have stipulated.

The word 'ought' in the maxim imports an equitable obligation, not one purely moral or something merely advantageous or desirable. The thing which is looked upon as done is that which ought to be done; not that which might have been done." We find none of the equitable exceptions is applicable to the situation here and there was not an equitable change of beneficiary.

**■■** In the decree entered in this cause, the trial court stated:

"In the discussion of cases applying the equitable exception above referred to (where there are no provisions fixing the specific time when a change of beneficiary would become binding and effective and where the element of time and the happening of the event of death is not made an element of the contract) courts seem to hold to the rule that where the insured before death has performed those acts, which manifest a firm and fixed purpose to change the beneficiary and start in motion the progressive steps required to make such change, then he has performed the essential requirements necessary to accomplish that change, and the other provisions (where there are no restrictions or limitations) are merely directory and routine and can be completed by others in behalf of the insured, either before or after his death."

In support of the trial court's ruling that the only essential acts to be performed by the insured are those which manifest a clear intention to change the beneficiary, he cites the case of Arnold v. Newcomb, 104 Ohio St. 578, 136 N. E. 206, and other cases which adhere to a rule in direct conflict to the law in this state.

In the case of Wandell v. Mystic Toilers, 130 Iowa 639, loc. cit. 642, 105 N. W. 448, 449, the court states:

"A mere intention on the part of the member to change the beneficiary, not acted upon in the manner required by the constitution of the association during the lifetime of the member, is ineffectual, and the first beneficiary, on the death of the member without the required steps having been taken to effect a change, acquires a vested right."

In this state the acts required of the insured to change a beneficiary are not merely directory or ministerial, but are essential acts subject only to the equitable exceptions.

**■■■** Appellee, to sustain the decree below, offers the proposition that where the member has the right to change the bene-

ficiary on his benefit certificate, and the contract is silent as to the method for changing the same, the change may be made in any manner clearly indicating the intention of the member, citing Hirschl v. Clark, 81 Iowa 200, 47 N. W. 78, 9 L. R. A. 841; Townsend v. Fidelity & Casualty Company, 163 Iowa 713, 144 N. W. 574, L. R. A. 1915A, 109. This is a correct proposition of law which has no application here. The defendant assumed liability on this certificate in accordance with its terms and the provisions of the constitution and by-laws. The sale to defendant did not in any manner change the contract or the rights and obligations of the parties, except that the defendant was substituted for the Court of Honor. It cannot be said that the contract is silent as to the method of changing the beneficiary.

Furthermore, the insured was aware of this method, for after the defendant had assumed liability on the certificate, she accomplished two changes in beneficiaries by complying with all the requirements of the certificate and such changes were endorsed on the certificate by the defendant. The defendant recognized that all the provisions of the certificate were in full force and effect, and refused to pay the proceeds to Mrs. Van Valkenberg because, as stated in a letter to her, "the matter of changing the beneficiary is a matter of contract and of course cannot be effective until both the insured and the company have completed that contract in accordance with the requirements of the constitution of the Court of Honor Life Association." It is not now in a position to urge that the contract is silent as to the method of changing the beneficiary. No change of beneficiary having been accomplished prior to the death of the insured, the right of the plaintiff to the proceeds became vested at her death. Because of the conclusion reached it follows that the case must be reversed.—Reversed.

HAMILTON, C. J., and PARSONS, ANDERSON, SAGER, DONEGAN, and RICHARDS, JJ., concur.