GEORGE KUBIN, Appellee, v. ANNA MARY KUBIN et al.; ANNA MARY KUBIN, Executrix, Appellant.

No. 46006.

DECEMBER 15, 1942.

F. J. Kremenak, of Toledo, and Willett & Willett, of Tama, for appellant.

Vernon F. Kepford, of Toledo, and Hyland & Hyland, of Tama, for appellee.

OLIVER, J.— Anna Kubin, a resident of Tama county, Iowa, died February 3, 1941, leaving as her sole blood relative and heir at law her grandson, George Kubin, appellee herein. She carried a life insurance membership for $1,000 in Western Bohemian Fraternal Association, a fraternal beneficiary association of Iowa. The beneficiary named in the certificate was her son, Edward Kubin, appellee's father, who predeceased Anna Kubin 23 days. The certificate and the by-laws of the fraternal association provide that when the beneficiary dies before the member, and no change of beneficiary is made by the member,

the amount provided for to the predeceased beneficiary shall be paid to the blood relatives and legal heirs of the deceased member. Upon that basis appellee instituted this action to recover the proceeds of said certificate as sole beneficiary.

The principal defendant and only appellant is Anna Mary Kubin, the surviving second wife of appellee's father, as executrix of his estate. She claims for the estate of said Edward Kubin an equitable interest in or lien upon the proceeds of the certificate on account of assessments and dues paid by Edward for his mother, Anna.

Chapter 402, Code of 1939, governing fraternal beneficial associations is here applicable. Code section 8789.2 provides that no beneficiary may obtain any vested interest in the proceeds of a certificate until the certificate has become due and payable and that the member shall have the right at all times to change the beneficiary in accordance with the rules, etc., of the society.

Code section 8792 provides:

"Change in beneficiary notwithstanding contract. No contract between a member and his beneficiary that the beneficiary or any person for him shall pay such member's assessments and dues, or either of them, shall deprive the member of the right to change the name of the beneficiary."

Substantially the same statutory provisions were considered in Sovereign Camp W. O. W. v. Russell, 214 Iowa 39, 241 N. W. 395. We there upheld the right of the member to change his beneficiary notwithstanding his contract not to do so in consideration of the contracting beneficiary's agreement to pay (and subsequent payment of) future assessments.

In Kohler v. Kohler, 9 Cir., Mont., 104 F. 2d 38, the court considered the effect of the statutory provision that no beneficiary may obtain a vested interest in the benefit until the certificate becomes due and payable. It was there held that a contract not to change the beneficiary, "insofar as it purported to give appellant a vested interest in the death benefit * * * was illegal and void."

The death of Edward Kubin made appellee the beneficiary under the certificate without affirmative action upon the part

of Anna Kubin. In view of the specific provisions of the statute that the interest of a beneficiary does not vest until the certificate is due and that the member may at any time change the beneficiary, the estate of Edward Kubin may not complain of this change in the beneficiary.

Reliance is had upon certain additional matters in the record. Anna Kubin was drawing old-age assistance from the state. In 1938, she and Edward made an assignment of the certificate to the state board of social welfare. This assignment was apparently intended to conform to statutory provisions, now section 3828.026, Code of 1939. It also recited that Edward Kubin had a first lien on the proceeds to be received from the policy upon the death of Anna Kubin, by reason of an equitable interest due him by virtue of premium payments made by him, amounting to $1,186.72. Only the remainder of the proceeds above $1,186.72 was covered by the assignment. After the death of Anna Kubin, the state board of social welfare made a disclaimer of any interest in the certificate, delivered the certificate to the clerk of the district court, and by order of court was relieved from responsibility in connection therewith.

■ Appellant asserts the recital relative to premiums paid by Edward gave him a vested interest in the proceeds to be received from the policy upon the death of Anna Kubin. It is sufficient to say the statutes heretofore cited do not permit a beneficiary to obtain a vested interest in the proceeds of a certificate based upon his payment of the member's assessments and dues. The disclaimer of the state board of social welfare makes it unnecessary to consider its rights, if any, under the assignment. It may be noted that section 3828.026 provides its interest under such assignment shall be vested and valid, any other statute to the contrary notwithstanding. However, this provision would not cause the interests of beneficiaries joining in the assignment to vest.

■ Appellant also contends the act of Edward Kubin in joining in the assignment containing the recital estopped him from asserting the invalidity of his own claim, and that said estoppel also applies to appellee, the heir of Edward. This contention is without merit. Appellee became the beneficiary

not as an heir of his father but as the heir and blood relative of the member, Anna Kubin. Thomas v. Locomotive Engineers' Assn., 191 Iowa 1152, 1181, 183 N. W. 628, 641, 15 A. L. R. 1240.

██ Finally, it is suggested that after the death of Edward Kubin, Anna Kubin took action sufficient to change the name of the beneficiary from Edward Kubin to Anna Mary Kubin. In the policy itself, and upon the records of the association, the name of Edward Kubin at all times appeared as the beneficiary. It is not contended Anna Kubin followed the procedure necessary to make a formal change of beneficiary. The evidence shows only that Anna Kubin expressed the desire to make such change of beneficiary and told a representative of the fraternal association she would do so upon her recovery from her illness. This proof is wholly insufficient to bring the case within any of the exceptions to the rule requiring compliance with the procedure prescribed by the contract to effectuate a change of beneficiary. Holden v. Modern Brotherhood, 151 Iowa 673, 132 N. W. 329; Thomas v. Locomotive Engineers' Assn., supra; Jacobs v. Abraham Lincoln L. Ins. Co., 223 Iowa 1157, 274 N. W. 879.

It follows that appellee is entitled to all the proceeds of the certificate.—Affirmed.

All Justices concur.