Lewis v. Mynatt.

---

LEWIS v. MYNATT.

(*Knoxville.* October 20, 1900.)

1. DESCENT AND DISTRIBUTION. *Husband takes estate of his intestate wife who was an illegitimate, when.*

The husband takes, under our statutes, the entire estate, real as well as personal, of a deceased wife, who was an illegitimate and died intestate, to the exclusion of the children and heirs of her mother's deceased brother. (*Post, pp. 509-514.*)

Act construed: Acts 1885, Ch. 34.

Code construed: §§ 4166, 4167 (S.); § 3273 (M. & V.); § 2423 (T. & S.).

Cases cited: Webb v. Webb, 3 Head, 69; Scoggins v. Branes, 8 Bax., 560.

2. STATUTES. *Construction.*

The established rule of construction that a statute purporting to cover an entire subject repeals all unexcepted statutes previously passed on the same subject, finds no application where the later statute, though employing some general and comprehensive language on the subject as treated in previous statutes, does not purport to cover the entire subject, and, *a fortiori*, the rule does not apply where the later statute purports to amend or make additions to " existing laws." (*Post, pp. 511, 512.*)

Act construed : Acts 1885, Ch. 34.

Cases cited : Terrell v. State, 86 Tenn., 523; the Druggist Cases, 85 Tenn., 449; Poe v. State, 85 Tenn., 495, Cole Mfg. Co. v. Falls, 92 Tenn., 607; State v. Butcher, 93 Tenn., 679; Chattanooga v. Neely, 97 Tenn., 527.

3. SAME. *Same.*

The real intent of the Legislature, as disclosed by a consideration of a statute as a whole, always prevails over the adverse technical import of particular words. Hence the word, "reltives," in a statute of descent and distribution will be held, if the unmistakable intent of the Legislature requires it, to include relationship by affinity as well as consanguinity, al-

Lewis v. Mynatt.

though in its narrow technical sense, it embraces only the latter. (*Post, pp. 512–514.*)

Case cited : Rose v. Wortham, 95 Tenn., 505.

FROM KNOX.

Appeal from Chancery Court of Knox County. LEON JOUROLMON, Sp. Ch.

SANSOM, WELCKER & PARKER, and G. H. MYNATT for Lewis.

E. F. MYNATT, J. C. FORD, and C. T. CATES, Jr., for Mynatt.

CALDWELL, J. Orlena Mynatt, the deceased intestate, wife of the defendant William Mynatt, was an illegitimate child. She had no issue, and left no mother, no brother, no sister, and no descendant of either brother or sister. After her death the children and heirs at law of her mother's deceased brothers brought this bill to recover what was alleged to be her estate, real and personal, from her surviving husband.

The Special Chancellor and the Court of Chancery Appeals refused the relief sought as to the personalty, upon the ground that it belonged to the husband in his own right, but they awarded a recovery of the real estate upon the ground, as stated in the opinion of the latter tribunal,

that Chapter 34 of the Acts of 1885 is believed to cover the entire subject of the descent of property of illegitimate persons dying intestate, and to thereby impliedly repeal all former enactments on the same subject, and pass the estate of such persons to remote relatives by blood in preference to a surviving husband or wife.

The defendant alone has appealed.

Previous legislation on the subject mentioned was carried into the Code of 1858 at § 2423, which is in the language following: "When an illegitimate child dies intestate, without child or children, husband or wife, his real and personal estate shall go to his mother; and if there be no mother living, then equally to his brothers and sisters by his mother, or descendants of such brothers and sisters." T. & S. Code, § 2423; M. & V. Code, § 3273; Shannon's Code, § 4166.

This statute by necessary implication passes the estate, real and personal, of every illegitimate person, dying intestate and without issue, to her or his surviving "husband or wife" (Webb v. Webb, 3 Head, 69; Scoggins v. Branes, 8 Bax., 560), and if unrepealed, it undeniably confers the estate here involved upon the defendant. It was confessedly in full force and virtue up to the time of the passage of Chapter 34 of the Acts of 1885, and is still so unless thereby repealed.

That Act, so far as relevant to the present inquiry, caption and body is as follows:

Lewis *v.* Mynatt.

"AN ACT to provide for the descent of the estates of illegitimate persons who die intestate, leaving no relatives entitled to such estates under existing laws, and to amend § 2423 of T. & S. Code.

"SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That the estates, both real and personal, of illegitimate persons dying intestate in this State leaving no relatives entitled by existing laws to his or her estate, shall go to such persons as would, had the intestate been legitimate, have been his or her heirs on his or her mother's side, in such way and proportions, and under the same rules, as provided by existing laws of descent of real and personal estates among legitimates who have no kin on the father's side." Shannon, § 4167.

No rule is more firmly established than that a statute purporting to cover an entire subject repeals all unexcepted statutes previously passed on the same subject (*Terrell* v. *The State,* 86 Tenn., 523; *The Druggist cases,* 85 Tenn., 449; *Poe* v. *State,* 85 Tenn., 495; *Cole Mfg. Co.* v. *Falls,* 92 Tenn., 607; *State, ex rel.,* v. *Butcher,* 93 Tenn., 679; *Chattanooga* v. *Neeley,* 97 Tenn., 527, 532); but we do not think the present case is one calling for or allowing the application of that rule. It is true the latest statute here involved employs some general and comprehensive language in regard to a subject treated in previous enactments, yet it does not purport to cover the entire subject. On the contrary, it expressly limits itself,

in both caption and body, to so much or such part of the subject as is not embraced in "existing laws," and thereby discloses an unmistakable purpose of amendment only, and that by way of mere addition. Moreover, the last clause of the title recites that the object is "to amend" the section of the Code first quoted in this opinion. It is only when the designated decedent left "no relatives entitled by existing laws to his or her estate," that this Act of 1885 was intended to apply. Its object was simply to supply an omission, and by amendment extend the line of contingent beneficiaries beyond its previous terminus, and not to change any provisions already made. We are unable to discover in this Act the slightest indication of an intention to alter "existing laws" otherwise than by mere enlargement and extension.

It is suggested that the use of the term "relatives," in that clause, "leaving no relatives entitled by existing laws to his or her estate," shows an intention to eliminate the words "husband or wife" from the previous statute, and thereby remove the surviving marital partner from the position of a beneficiary thereunder. This view, however, is clearly not a sound one. It is not required by the term itself, nor is it warranted by the context.

There can be no doubt that the word "relative," when employed in a strictly technical sense, signi-

Lewis v. Mynatt.

fies a relationship by blood only; but, as ordinarily used, it includes relationship by affinity as well as by consanguinity, and we are convinced, from a careful study of the Act, that those passing it had this broader signification in their minds.

As before remarked, the "existing laws" were regarded as sufficient and proper in all particulars within their scope, and the obvious purpose was only to make an addition or supplement to them, to meet cases not already provided for. All persons included as beneficiaries under "existing laws" were manifestly intended to be embraced in the word "relatives," as employed in this Act; and it is only where there is no one answering any description found in those laws that this Act finds a place for operation.

A different construction would do violence to the evident intention of the Legislature and greatly disturb an established rule of descent which was expressly recognized and excepted in caption and body of the Act.

It is better to give the word "relatives" its ordinary meaning, and thereby preserve the unmistakable intent of the Legislature otherwise disclosed, than to adopt the narrower technical signification of the word, and in so doing defeat that intent. Indeed the cardinal rule of statutory construction—that which ascertains the legislative intent from a consideration of the entire Act—re-

Lewis v. Mynatt.

quires that the former course be pursued. The real intent disclosed by a consideration of an Act as a whole always prevails against the adverse technical import of particular words and phrases. *Rose* v. *Wortham,* 95 Tenn., 505, 508, 509, and citations.

It follows that the confessedly superior right of the defendant, the surviving husband, under the prior law was not impaired by the provisions of Chapter 34 of the Acts of 1885, and consequently that the decree in favor of the complainants must be reversed, and the bill dismissed at their costs.

This result renders it unnecessary to resolve the serious doubts raised by defendant's counsel in regard to the observance of constitutional requirements in the passage of the Act of 1885 by the House of Representatives.

Reverse and dismiss.