MELVINA SMITH, Appellant, v. SUPREME TENT, KNIGHTS OF THE MACCABEES OF THE WORLD, Defendant; DANIEL BRANTZ, Administrator, Intervenor.

127   115
f144   231

Fraternal insurance: STATUTORY BENEFICIARIES.  A niece of a deceased member's father's first wife, deceased being a son of a second wife, is not a relative of deceased either by consanguinity or affinity, and cannot be legally named as a beneficiary in a certificate of fraternal insurance under Code, section 1834.

*Appeal from Black Hawk District Court.*— HON. FRANKLIN C. PLATT, Judge.

SATURDAY, MARCH 11, 1905.

ACTION on beneficiary certificate in defendant association. Judgment in favor of intervenor claiming the benefit as against plaintiff. Plaintiff appeals.— *Affirmed.*

*Mullan & Pickett,* for appellant.

*Springer & Smith,* for appellee.

McCLAIN, J.— The certificate was taken by one Daniel J. Bantz, benefit payable to plaintiff. On the death of the member, plaintiff brought action against defendant, and intervenor, father of the deceased member, as administrator of his estate, and also as assignee of the mother of deceased, who, under the provisions of the by-laws of the association, would be entitled to the proceeds in preference to the father, made claim to such proceeds as against the plaintiff. The defendant does not resist payment of the sum named in the certificate, and the only question for decision in the lower court was as to which of the two claimants was entitled to the proceeds.

In Code, section 1824, it is provided that "no fraternal association * * * shall issue any certificate of membership * * * unless the beneficiary under said certificate shall be the husband, wife, relative, legal representative, heir or legatee of such member." The plaintiff was the niece of the first wife of the father of the deceased member, deceased being the issue of the second wife; and the contention of appellant is that therefore plaintiff was a " relative " of the deceased, under the statutory language. Conceding that the term " relative " is to be extended to cover relatives by marriage as well as by blood, we are still unable to reach the conclusion that the plaintiff was a relative of deceased. During the life of the first wife, the father of deceased was the uncle by marriage of the plaintiff, and, perhaps, after the death of the first wife, the father of deceased was still her uncle by affinity. *Simcoke v. Grand Lodge,* 84 Iowa,

383, 387. But there was no relationship by either blood or affinity between the plaintiff and the deceased, the son of her uncle by marriage by his second wife. The general proposition seems to be this: that relationship by affinity is not created between the blood relatives on either side of the parties to the marriage relation. *Chinn v. State,* 47 Ohio St. 575 (26 N. E. Rep. 986, 11 L. R. A. 630); *Waterhouse v. Martin,* 7 Tenn. (Peck) 374, 389; *Winchester v. Hinsdale,* 12 Conn. 88, 94; 1 Bouvier, Law Dictionary "Affinity." It appears, then, that in no legal sense was the plaintiff a relative of the deceased member. They might, perhaps, be said to be connections by marriage, but they were not relatives by marriage.

The argument of counsel for appellant is, however, that, although no recognized legal relationship existed between them, the statute should be broadly construed as including all persons who by common understanding are recognized as relatives. But we cannot properly give to the words used in the statute any other meaning than their true legal meaning. It must be presumed that the Legislature intended to use the terms employed in the statute with accuracy and definiteness, and not with indefiniteness and uncertainty. Furthermore, there is nothing in the record or within our judicial knowledge to justify us in saying that according to common use or understanding the plaintiff and deceased were related.

Counsel also urge that the use of the word "legatee" indicates a purpose on the part of the Legislature to permit certificates to be made to any beneficiary whom the member shall see fit to name, because, as any one may be made a legatee, the member might, by making a will in favor of one not a relative, support a certificate naming such person as beneficiary. But the statute is explicit in limiting the authority of such associations as to the persons who may be entitled to the benefits of certificates issued, and we have no power to enlarge the statute to cover persons not thus

designated. If the deceased member had made a will in favor of the plaintiff, then the plaintiff might have been the beneficiary in the certificate; but he did not do so, and it seems to us this is an end to the argument.

Plaintiff, then, not being one of the persons who by statute may be made beneficiary in such a certificate, it follows that she was not entitled to the proceeds of the certificate. As the association does not resist payment of the claim, we have no occasion to elaborate the question as to whether the intervenor is entitled to the proceeds. But it seems to be well settled that, where the beneficiary named is incapable of taking the proceeds under the law, the administrator of the deceased person can recover the proceeds, just as he might if no beneficiary had been named. *Schmidt v. Northern Life Ass'n,* 112 Iowa, 41, and cases therein cited.

The decree that plaintiff is not entitled to the fund, on the grounds that she is not related by consanguinity or affinity, and that the intervenor is the beneficiary entitled to the fund, is *affirmed.*