MAE MULLEN, Plaintiff Appellant, ELIZABETH LEER, Intervener, v. WOODMEN OF THE WORLD, Appellant.

**Fraternal insurance:** FALSE REPRESENTATIONS: DEFENSES: WAIVER. Under the statute an insurance company which fails to attach a copy of the application to the policy can not plead or prove the falsity of any representations contained in the application; and the assured can not waive the requirement to so attach a copy of the application.

**Same:** LIABILITY OF INSURANCE COMPANY. An insurance society can not avoid liability because the beneficiary named is not within any of the classes designated by law, nor an heir or legatee of the member.

**Same.** Where a beneficiary can not recover because not within any of the classes designated by law, nor an heir or legatee, the administrator of the deceased member may recover.

*Appeal from Woodbury District Court.*—HON. F. R. GAY-NOR, Judge.

SATURDAY, OCTOBER 23, 1909.

SUIT on a certificate of life insurance. The plaintiff and defendant appeal from a judgment in favor of the intervener. The defendant will be designated as appellant.— *Affirmed.*

*A. H. Burnett* and *Shull, Farnsworth & Sammis,* for appellant Woodmen of the World.

*H. A. Evans, J. L. Kennedy* and *Joseph Shoup,* for appellant Mullen.

*Ferris & Iddings,* for appellee.

SHERWIN, J.—The appellant, a fraternal beneficiary association organized under the laws of the State of Nebraska, issued to Alphes Comens a certificate providing for the payment of $1,000 should the insured die after the certificate had been in force more than one year, and for the payment of $500 if he died within one year. The plaintiff, Mae Mullen, was named in the certificate as beneficiary, the insured representing to the officers of the defendant that she was related to him as cousin. Mr. Comens died within a year from the date of the certificate, and this suit was thereafter brought by the plaintiff to recover on the certificate. The appellee, Elizabeth Leer, intervened as the administratrix of the estate of Comens, and asked that the amount due on the certificate be awarded to her. The defendant an-

swered, denying any liability whatever under the certificate, alleging that it was void for the reason that the insured had misrepresented the relationship of the beneficiary named. Upon the trial of the case it was shown that the beneficiary named in the certificate was not related to the insured in any manner whatever. The court dismissed the plaintiff's petition, and found the intervener, as administratrix, entitled to the amount due under the certificate. No copy of the application was attached to the certificate, as required by section 1826 of the Code, but the application contained a stipulation waiving the attaching of a copy thereof.

The appellant contends that the insured could waive the requirement of the statute, and that, on account of the waiver in the application, it was entitled to introduce the application in evidence and prove the statements therein contained to be untrue. Section 1826 requires that a true copy of any application or representation of the member, which by the terms of the certificate are made a part thereof, shall be attached to the certificate, and says: "The omission so to do shall not render the certificate invalid, but if any such association neglects to comply with the requirements of this section it shall not plead or prove the falsity of any such certificate or representation, or any part thereof, in any action upon such certificate." If this requirement was intended to confer upon the insured a mere personal right or privilege, it could probably be waived by him. But we are of the opinion that the legislative intent was to announce a public policy which should govern all cases, notwithstanding any attempted waiver on the part of the insured. It was evidently enacted for the purpose of avoiding, as far as possible, any dispute as to the assured's knowledge of the contract by which his beneficiaries would be bound. *Seiler v. Life Association,* 105 Iowa, 87. The statute in positive language says that a failure to attach a copy of the application or representation which becomes a part of the certificate shall deprive the association of the right to plead or

prove the falsity of the representation. No intimation is therein given that there may be a waiver of the requirement, and, in our opinion, a holding that a waiver thereof may be made would completely emasculate the statute and open the door for the very evils which the Legislature sought to remedy. As supporting this view, see the following cases which indirectly bear thereon: *Johnson v. Des Moines Life Ins. Co.,* 105 Iowa, 273; *Corson v. Insurance Co.,* 113 Iowa, 641; *Rauen v. Insurance Co.,* 129 Iowa, 725; *Corson v. Insurance Ass'n,* 115 Iowa, 485; Bacon on Fraternal Insurance, section 176. The defendant was therefore estopped from pleading or proving the false representation that the beneficiary named in the certificate was a cousin of the assured. See cases, *supra.*

That the appellant cannot avoid liability by the inability of the named beneficiary is well settled by our own decisions. *Newman v. Ass'n,* 76 Iowa, 56; *Schmidt v. Ass'n,* 112 Iowa, 41; *Smith v. Maccabees,* 127 Iowa, 115; *Ley v. Insurance Co.,* 120 Iowa, 203.

The plaintiff is not entitled to recover because she is not within any of the classes designated by the law, nor is she an heir or legatee who may take. *Schmidt v. Ass'n, supra; Smith v. Maccabees, supra.*

From what has already been said it is apparent that the intervener, as the administratrix of the estate of Comens, was rightly permitted to show that the plaintiff was not entitled to the insurance, and that as administratrix she was entitled to it. See cases, *supra.*

The decree of the District Court is right in all respects, and it is *affirmed.*