BROTHERHOOD OF AMERICAN YEOMEN, Appellee, v. FRANCES M. SHINE, Appellee, et al., Appellant.

**INSURANCE:** "Wife" as Heir.  The surviving wife of an insured is an "heir," within the meaning of the beneficiary clause which directs payment to be made "to legal heirs related to him as ....."

**WORDS AND PHRASES:** "Related."  The word "related" may refer to one related by affinity, as well as by blood.

**INSURANCE:** Wife as "Heir"—Arbitrary Share of Wife.  Under a policy of insurance payable to the "legal heirs" of an insured who dies without issue, the surviving wife will take $7,500 and one half of the excess, whether the insured died testate or intestate.

*Appeal from Webster District Court.*—SHERWOOD A. CLOCK, Judge.

JUNE 22, 1923.

REHEARING DENIED OCTOBER 16, 1923.

Action upon a bill of interpleader. The plaintiff admits its liability on a certain certificate of life insurance. The mother of the insured claims to be entitled to the proceeds of said insurance. The surviving widow also claims the proceeds of said certificate in her own right. Proper issues were made between the parties. The court entered a decree in favor of the widow, and the mother of the insured appeals. The mother is referred to as the appellant, and the widow as if she were the sole appellee.—*Affirmed.*

*Kelleher & Mitchell* and *Ralston & Shaw,* for appellant.

*H. W. Pitkin* and *J. F. Oliver,* for appellees.

Faville, J. —The Brotherhood of American Yeomen is a fraternal benefit association. On or about January 12, 1907, said association issued to the decedent, Matt J. Shine, its benefit certificate, in the sum of $3,000. At that time, Shine was a single man, and he subsequently married the appellee Frances Shine. He died testate, on the 29th of July, 1922. His father had predeceased him. His mother, the appellant, survived. He left no children.

I. Upon the foregoing state of facts, the first question in the case is, Who are the beneficiaries designated in the certificate as ''legal heirs related to him as————?''

At an early day, it was held by this court that the widow of a decedent is not an heir. *Blackman v. Wadsworth,* 65 Iowa 80. This decision has been subsequently adhered to in *Phillips*

1. Insurance: "wife" as heir.   *v. Carpenter,* 79 Iowa 600; *In re Estate of Kuhn,* 125 Iowa 449; *Braun v. Mathieson,* 139 Iowa 409; *In re Estate of Noble,* 194 Iowa 733; and other cases.

In *Phillips v. Carpenter,* supra, we considered a life insurance policy which was made payable to the ''legal heirs'' of the insured. We held that the widow of the insured did not come within the term ''legal heirs.'' This was in 1890. After the decision in that case, the legislature enacted Section 3313 of the Code of 1897, which is as follows:

''The words 'heirs,' or 'legal heirs' or other equivalent words used to designate the beneficiaries in any life insurance policy or certificate of membership in any mutual aid or benevo-

lent association, where no contrary intention is expressed in such instrument, shall be construed to include the surviving husband or wife of the insured, and the share of such survivor in the proceeds of such policy or certificate made payable as aforesaid shall be the same as that provided by law for the distribution of the personal property of intestates.''

The policy in suit comes within the express terms of this section of the statute. It is not made payable to the estate of the decedent, as in the case *In re Estate of Ensign,* 181 Iowa 1081. It is made payable, by its terms, to the ''legal heirs'' of the insured. The statute above quoted expressly provides that the words ''legal heirs,'' used to designate the beneficiary in a certificate of membership in any mutual aid or beneficiary association, where no contrary intention is expressed in such instrument, shall be construed to include the surviving husband or wife of the insured.

In *Thompson v. Northwestern Mut. L. Ins. Co.,* 161 Iowa 446, we had before us an insurance policy payable to ''the heirs at law'' of the insured. The question arose as to whether the surviving widow could take under the said policy as an heir, in view of the provisions of Section 3313 of the Code. We said:

''Though awkwardly worded, the manifest design of the legislature is plain. If the indemnity is payable to the heirs of the insured, his surviving spouse is included as an heir.''

We also said:

''The provision evidently was designed to obviate the ruling in *Phillips v. Carpenter,* 79 Iowa 600, that, in the absence of statute directing otherwise, the term 'heirs' does not include the widow.''

Under the plain terms and provisions of this statute, there is no escape from the conclusion that the words ''legal heirs,'' used to designate the beneficiary in any life insurance policy or certificate of membership in any mutual aid association, must be construed to include the surviving spouse of the insured. To hold otherwise would be to ignore the express language of the statute.

We therefore hold that the appellee Frances Shine, being the surviving widow of the insured, is within the terms of the

designation in the certificate as the beneficiary of the insured as his "legal heir."

II.    It is to be noticed, however, that in said statute, Section 3313, it is provided that the term "legal heirs," in describing the beneficiary in a life insurance policy or certificate, shall be construed to include the surviving spouse; and it is also provided that such is the case only "where no contrary intention is expressed in such instrument."

It is the contention of the appellant that in the certificate in question in this action an intention is expressed contrary to the construction that would include the widow as a legal heir of the insured.    This contention is based upon the language of the clause in the certificate designating the beneficiary, which clause is as follows: "To be paid to legal heirs related to him as ――――." The application for insurance, which was attached to and made a part of the certificate, contained the following provision:

2. Words and phrases: "related."

"7.    To whom make insurance payable.    Legal heirs.

"8.    Relationship (Beneficiary, according to law, must be a member of the family, the husband, wife, relative, legal heirs, legal representative.    Cannot be estate, *fiance* or other than list here given.)"

It is contended that the words "related to him as ――――" are a limitation upon the words "legal heirs."    The argument is that the words "related to," as used in this certificate, mean only those who have "descended from the same common ancestor," and that the wife is not "related to" the husband, in a legal sense.

In *Wapello County v. Eikelberg,* 140 Iowa 736, we considered Section 2297 of the Code, providing for the care of the insane.    Said section contains the following:

"The provisions herein made for the support of the insane at public charge shall not be construed to release the estates of such persons nor their relatives from liability for their support."

We said:

"As employed in statutes and instruments, the words 'relation' or 'relatives' are usually construed technically, and to refer to one connected by the ties of blood. *Cleaver v. Cleaver,* 39 Wis. 96 (20 Am. Rep. 30) ; *Worseley v. Johnson,* 3 Atk. 761;

*Esty v. Clark*, 101 Mass. 36 (3 Am. Rep. 320); *Elliot v. Fessenden*, 83 Me. 197 (22 Atl. 115, 13 L. R. A. 37); *Supreme Council Order of Chosen Friends v. Bennett*, 47 N. J. Eq. 39 (19 Atl. 785). When employed in their generic, as distinguished from their technical sense, however, the words include those connected by affinity, as well as consanguinity."

We quoted from *Lewis v. Mynatt*, 105 Tenn. 508 (58 S. W. 857), as follows:

"There can be no doubt that the word 'relative,' when employed in a strictly technical sense, signifies a relationship by blood only; but, as ordinarily used, it includes relationship by affinity, as well as by consanguinity; and we are convinced, from a careful study of the act, that those passing it had this broader signification in their minds."

We said:

"The lexicographers define the word in harmony with this view, and as it is employed in the statute not to create a liability, but to negative any intention of releasing from liability by the enactment of the preceding sections, we are of the opinion that the word 'relatives' was intended to be understood in the generic, rather than the technical sense."

In the instant case, we are of the opinion that the words "related to" are to be construed in their generic, rather than in their technical sense. It appears that the words "legal heirs" were written in the certificate, and the words "related to him as ————" were a part of the printed form of the certificate. It is quite obvious that the clause in the printed policy was designed so that the name of some individual could be inserted in the first blank (where the words "legal heirs" were written), and that the blank after the word "as" should be used to designate the relationship, referring to one of the class specified under Paragraph 8 of the application. No person, however, was designated by name, and the words "legal heirs" were inserted in the first blank instead, and the blank space following the word "as" was not filled in.

We do not think the printed words "related to him as ————" express any contrary intent to the one that the certificate should be payable to the legal heirs of the insured. As bearing on the question, see *Simcoke v. Grand Lodge of A. O.*

*U. W.*, 84 Iowa 383; *Smith v. Supreme Tent, Knights of Macca-bees*, 127 Iowa 115; *Richey v. Sovereign Camp of W. of W.*, 184 Iowa 10; *Lewis v. Mynatt*, supra; *Mattison v. Sovereign Camp of W. of W.*, 25 Tex. Civ. App. 214 (60 S. W. 897).

III.   It is the contention of the appellant that, even if the appellee Frances Shine is to be held to be a beneficiary, under the terms and provisions of said certificate of insurance, she is not entitled to recover more than half of the amount due under said certificate, and that the remaining half should go to the appellant.

The legislature not only has provided, by the said Section 3313, that the words "heirs," or "legal heirs," in such a cer-tificate or policy, shall be construed to include the surviving 3. INSURANCE: spouse of the insured, but has fixed and desig-wife as "heir:" nated the share that such survivor shall take in arbitrary share of wife. the proceeds of such certificate.   The language of the statute is as follows:

"And the share of such survivor in the proceeds of such policy or certificate made payable as aforesaid shall be the same as that provided by law for the distribution of the personal property of intestates."

It is the contention of the appellant that, under this pro-vision of the statute and the conceded facts in this case, in the event that the appellee Frances, as surviving spouse of the in-sured, shall take under said certificate, the share of said appellee can in no event exceed one half of the proceeds of the certificate.

It is apparent from the language of the last clause of said Section 3313 that it does not provide that the share which a sur-viving spouse may take under a policy of insurance made pay-able to the legal heirs shall be distributed as part of the estate of the insured.   The statute points out a method by which the share of the surviving spouse who is designated as an heir in the policy of insurance shall be ascertained.   It is to be deter-mined by an assumption which is in the nature of a legal fiction. The "share" or amount that the surviving spouse shall take in a certificate which is made payable to "heirs," or "legal heirs," is the same as "that provided by law for the distribution of the personal property of intestates."   Under the provision of this statute, it makes no difference whether the insured died testate

or intestate. He could not, by the terms of his will, in any way affect the disposition of the proceeds of the certificate of insurance made payable to his legal heirs. Section 3313 merely provides a method of ascertaining the share of a surviving spouse where such spouse is entitled to participate by virtue of the statute. It is to be ascertained by the method provided by law in this state for the distribution of the personal property of intestates. How is the personal property of intestates distributed?

Section 3362 of the Code provides as follows:

"The personal property of the deceased not necessary for the payment of debts, nor otherwise disposed of, shall be distributed to the same persons and in the same proportions as though it were real estate."

Code Section 3366 provides, in part, as follows:

"One third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, which have not been sold on execution or other judicial sale, and to which the wife had made no relinquishment of her right, shall be set apart as her property in fee simple, if she survive him. The same share of the real estate of a deceased wife shall be set apart to the surviving husband."

Section 3379 of the Code Supplement, 1913, provides as follows:

"If the intestate leaves no issue, the whole of the estate to the amount of seventy-five hundred dollars, after the payment of the debts and expenses of administration, and one half of all of the estate in excess of said seventy-five hundred dollars shall go to the surviving spouse and the other one half of said excess shall go to the parents. If no spouse, the whole shall go to the parents."

Code Section 3380 provides:

"If one of the parents is dead, the portion which would have gone to such deceased parent shall go to the survivor, including the portion which would have belonged to the intestate's spouse, had one been living."

Under the express provisions of Section 3313, we are required to go to these other sections of the statute, to ascertain the method by which the share of a surviving spouse in the pro-

ceeds of a policy of insurance of this kind is to be ascertained. It is to be ascertained as though the proceeds were the "personal property of an intestate." Had it, in fact, been the personal property of an intestate, it would have all gone to the surviving spouse, because the total estate of the insured, it is admitted, did not equal the sum of $7,500. The statute merely furnishes a rule by which the amount of the widow's share is to be ascertained, and that is by reference to the statutes which provide for the devolution of the personal property of one who died intestate.

It is argued that, in the instant case, the insured did not die intestate, but that he left a will, and that, therefore, under our holding in the recent case, *In re Estate of Noble*, supra, the widow cannot take the entire estate. There is nothing in the *Noble* case at all inconsistent with our conclusion in this case. It makes no difference whatever, for the purpose of determining the disposition of the proceeds of this certificate, whether the insured died testate or intestate. The provision of the statute is not that the proceeds are to be distributed thereunder in the event the insured died intestate. There is no such limitation at all. The provision is that the policy of insurance is to be distributed *in the same manner* that the "personal property" of *intestates* is distributed under the laws of Iowa. The appellee, as a beneficiary, takes under the contract of insurance. She is designated as a beneficiary by virtue of the language of the certificate, construed in the light of the provisions of the statute. The amount or share which she is to take of the proceeds of such certificate is to be determined in the manner designated by the statute: that is, by determining what share she would have taken, had the proceeds of the insurance policy been a part of the personal property of the estate of an intestate.

Following the method so pointed out by the statute, there is no escape from the conclusion that the appellee Frances Shine is entitled to the entire proceeds of this certificate of insurance.

The decree of the trial court was correct. It is—*Affirmed.*

Preston, C. J., Evans and Arthur, JJ., concur.