BLANCHE E. FARRENS, Appellant, v. MUTUAL BENEFIT DEPARTMENT et al., Defendants; ELLEN McCAULEY, Appellee.

No. 40897.

DECEMBER 16, 1931.

Strock, Sloan & Herrick, for appellee.

R. B. Hawkins and H. H. Griffiths, for appellant.

STEVENS, J.—At the time of his death, which occurred October 6, 1929, Jas. W. Farrens held a certificate of membership in the Mutual Department of the Order of Railway Conductors

of America in the sum of $1,000.00. Appellant is his surviving widow and bases her claim to the fund upon Article 27 of the laws of the Order, which provides that, ''in the event that the beneficiary shall not survive the member, or in the event that, for any reason, the beneficiary is found to be ineligible to such benefit, the proceeds shall be paid to the first named who shall survive the member as follows: 1st, to the widow of the deceased;'' and also upon the written assignment of Glenn A. Farrens, the beneficiary last designated by the member.

The court awarded the fund to Mrs. Hannah Ellen McCauley, sister of the member. The original certificate designated appellant as beneficiary, but, upon September 12, 1928, a change was made by and with the consent and approval of the department, and Mrs. McCauley designated as sole beneficiary. Subsequently and on February 28, 1929, the member again, by and with the consent and approval of the department, changed the beneficiary and designated Glenn A. Farrens, his brother, as sole beneficiary. After the commencement of this action, Glenn A. Farrens, in writing, assigned all of his right and claim as such designated beneficiary to appellant.

As previously stated, the controversy is between appellant and Mrs. McCauley, each claiming the right to the fund in the hands of the clerk of the district court. It is established by competent evidence offered on behalf of appellee and also tacitly admitted by appellant that the designation of Glenn A. Farrens as beneficiary was in fact, although not so stated in the certificate, as trustee for the benefit of the member's creditors and, therefore, is contrary to Section 8785 of the Code and the express provisions of the certificate. We have, therefore, but a single question for decision, namely: to whom, under the terms and provisions of the certificate and the rules, laws and statutes of the Order, shall the fund be paid?

Appellee contends, under the rule long established and prevailing in this state, that in the event there is a failure on the part of the member to effectuate a change of beneficiary in the manner provided by the certificate, or when the beneficiary formally designated is ineligible and the designation fails, the proceeds shall be paid to the next preceding designated eligible beneficiary and that, therefore, appellee Mrs. McCauley is entitled thereto. To sustain this contention reliance is placed upon

the following decisions of this court and cases from other jurisdictions: Shuman v. A. O. U. W., 110 Iowa 642; Wandell v. Mystic Toilers, 130 Iowa 639; Holden v. Modern Brotherhood, 151 Iowa 673; McGough v. Women's Catholic Order of Foresters, 24 A. L. R., 746, and note.

As against this contention, appellant claims the fund under the specific terms, conditions and provisions of the certificate and the laws of the Order. Article 27 of the laws of the Order quoted supra is, by the terms thereof, made a part of the contract, and such article must be so construed.

The right of the Order to provide, by the terms of the contract, to whom the proceeds of the certificate shall be paid is, of course, conceded by appellee. This being true, it necessarily follows that if the contract clearly and specifically provides that, in the event the person designated as beneficiary in the certificate shall not survive the member, or if such designation shall be of a person ineligible to receive the proceeds, the benefit shall be paid to the surviving widow or other person or persons, then said provision must be given effect. Article 27 of the laws of the Order is clear, definite and without ambiguity. It is not only conceded by appellee, but her whole contention is based upon the admitted ineligibility of Glenn A. Farrens, as trustee, to receive the benefit. Parenthetically, it should be said there is no showing that the Mutual Benefit Association had any knowledge whatever of the trust.

So far as the formal requirements of the certificate and laws of the Order are involved as to change of beneficiary, they were fully and completely complied with. If, therefore, Glenn A. Farrens was, in fact, eligible as beneficiary and his designation was valid, Mrs. McCauley could assert no claim to the benefit. On the other hand, if for any reason the designated beneficiary is found to be ineligible, then Article 27, which provides that "the proceeds shall be paid to the first named who shall survive the member as follows: 1st, to the widow of the deceased," must prevail.

Effect must be given to each and all of the provisions of the contract and the same interpreted as a whole. The beneficiary last designated to receive the benefit was ineligible. In such event, under the plain provisions of the certificate, such benefit passed, first, to the widow of the deceased. By no other

interpretation can full effect be given to Article 27 or the contract as a whole.

It is suggested by counsel for appellee in argument that Article 27 applies only in the absence of a validly designated beneficiary: that is to say, that if, in a series of designated beneficiaries, there is one who is eligible, such beneficiary is entitled to take the proceeds, and Rule 27 has no application. Such is not the language or purport of the article. Clearly, if Glenn A. Farrens was eligible to take, the prior designation of Mrs. McCauley as beneficiary was of no force or effect. Upon the face of the certificate, together with the last formal designation of a beneficiary, Glenn A. Farrens was entitled to the benefit of the certificate, and no one else. He was shown to be ineligible and not entitled to the proceeds of the certificate; therefore, by the express language of the by-laws, the surviving widow became the beneficiary. It is true that she lost her right as beneficiary when the change was made to Mrs. McCauley, and, in the absence of a provision in the certificate or the laws of the Order in some other way again designating appellant as beneficiary, she could not claim the proceeds of the certificate. But the contract itself provides that, in the event the beneficiary otherwise entitled to the proceeds of the certificate is ineligible, then the same shall be paid to the surviving widow or some other person or persons designated in the by-laws. This provision of the contract is valid, and avoids the rule of law relied upon by appellee. Appellant is entitled to receive the benefit.

It follows that the judgment and decree of the court below must be reversed and the cause remanded for decree and judgment in harmony herewith.—Reversed and remanded.

Faville, C. J., and Albert, De Graff, and Wagner, JJ., concur.