## BANKERS LIFE CO. v. LANDERS et al.
### No. 4572.

District Court, S. D. Iowa, Central Division.
Dec. 30, 1935.

Daniel J. Gallery, of Winterset, Iowa, for receiver C. L. Ditto.

Charles Van Werden and John Hartley, both of Winterset, Iowa, and George E. O'Malley and Irvin Schlesinger, both of Des Moines, Iowa, for administrator Charles Aikins.

DEWEY, District Judge.

The above-entitled suit came on for hearing in open court at Des Moines on the 18th day of December, 1935, on its merits.

The suit was instituted by the Bankers Life Company filing a bill of interpleader and depositing with the clerk of

this court the returns on two certificates of life insurance issued by the Bankers Life Association, now the Bankers Life Company, to Charles T. Koser, now deceased.

Petitions of intervention were filed by C. L. Ditto, receiver of the Citizens National Bank of Winterset, Iowa, Charles W. Aikins, administrator of the estate of Charles T. Koser, deceased, and Bessie Koser Landers. Each of said interveners claim in their petitions of intervention that the proceeds from said certificates should be paid to him or her. The evidence was introduced and the case submitted for decision.

At the commencement or preceding the taking of the evidence, intervener Bessie Koser Landers withdrew any claims to the fund in this suit, as it appears that any rights she may have as claimed by her in her petition of intervention will have to be made if and when there are any proceeds distributed by the administrator of the estate of Charles T. Koser, deceased.

Intervener Charles W. Aikins, administrator, also at said time withdrew any claim based upon mental unsoundness of the insured or any undue influence exercised over him. The parties have agreed and stipulated as to certain facts and introduced oral testimony as to others. The stipulated facts are as follows:

"For the purpose of conserving time in the trial of the above entitled case, the parties hereto stipulate and agree as follows:

"That Charles W. Aikins is the duly qualified, appointed and acting administrator of the estate of Charles T. Koser, deceased, and that he is a resident of the County of Madison in the State of Iowa.

"That Leo C. Percival was conservator of the Citizens National Bank of Winterset, a national banking institution located at Winterset, Madison County, Iowa, for the period from March 27, 1933 to June 4, 1934, acting under the laws of the United States for conservatorships of National Banks, and that prior to that time The Citizens National Bank of Winterset was a going national banking institution located at Winterset, Iowa.

"That C. L. Ditto is now the duly appointed, qualified and acting receiver of the Citizens National Bank of Winterset,

Iowa, now insolvent, and has been such receiver since June 4, 1934.

"That on or about the 10th day of February, 1896, The Bankers Life Association, now known as the Bankers Life Company, plaintiff herein, issued and delivered to Charles T. Koser, now deceased, in the city of Winterset and county of Madison, State of Iowa, its one certain Certificate of membership No. 50553 in the sum of $2,000.00, a true copy of which is attached to plaintiff's bill of Interpleader and marked Exhibit 'A.'

"That on or about the 27th day of March, 1905, the Bankers Life Association, now known as the Bankers Life Company, plaintiff herein, issued and delivered to Charles T. Koser, now deceased, in the city of Winterset, county of Madison, state of Iowa, its one certain Certificate of membership No. 158424 in the sum of $2,000.00, a true copy of which is attached to plaintiff's Bill of Interpleader and marked Exhibit 'B.'

"It is stipulated that Exhibit 'C,' attached to plaintiff's Bill of Interpleader is a true and correct copy of the Articles of Incorporation and By-laws of the Bankers Life Association at the time the Certificate No. 50553, dated February 10, 1896, was issued and that the said Articles of Incorporation and By-laws referred to in said Certificate constitute a part of the contract of insurance. That Exhibit 'D,' attached to plaintiff's Bill of Interpleader is a true and correct copy of the Articles of Incorporation and By-laws of the Bankers Life Association at the time Certificate No. 158424, dated March 27, 1905, was issued and that the said Articles of Incorporation and By-laws referred to in said Certificate constitute a part of the contract of insurance.

"That the beneficiary named in each of said Certificates of membership, Nos. 50553 and 158424, at the time of the issuance and delivery of the same, was Jennie Koser, wife of Charles T. Koser, insured, and that the said Jennie Koser, wife of Charles T. Koser, died on February 20th, 1932, and prior to the death of Charles T. Koser. That Charles T. Koser died intestate in the city of Denver, state of Colorado, on or about September 4th, 1933.

"That on or about the 26th day of March, 1932, in accordance with and sub-

ject to the Articles and By-laws of the contracts of insurance, Charles T. Koser executed on each of said Certificates, and on forms furnished by the Bankers Life Company, written directions designating that the benefits under each of said Certificates should be paid to his executor or administrator and that the plaintiff company consented to and acknowledged the said directions and endorsements under date of March 28, 1932, a true copy of said written directions and endorsements appearing on the back of such Certificates of membership which is attached to plaintiff's Bill of Interpleader and marked Exhibits 'E' and 'F.'

"That on or about the 10th day of July, 1933, a purported assignment of the Certificates was executed by Charles T. Koser in which he designated a change of beneficiary from his administrator or executor to The Citizens National Bank of Winterset, Winterset, Iowa, copies of which are attached to plaintiff's Bill of Interpleader marked Exhibits 'G' and 'H.' That the said changes of beneficiary, dated July 10, 1933, were not consented to and acknowledged by the Bankers Life Company, and that said consent and acknowledgements were not endorsed on the Certificates. That said Company received notice, in writing, of said change of beneficiary prior to the death of Charles T. Koser by virtue of duplicates of Exhibits 'G' and 'H.' That the Certificates of membership in the Bankers Life Association as originally issued to Charles T. Koser were at no time surrendered to the Company during the life time of Charles T. Koser, nor were there any new policies or certificates issued in exchange therefor. Dated this 17th day of December, 1935. * * *"

And the court finds on the oral testimony as follows:

That on or about July 7, 1933, Charles T. Koser was indebted to the Citizens National Bank of Winterset, Iowa, and for the purpose of securing such indebtedness, and the advancement of additional loans, at that time executed to the bank certain mortgages, which are not in controversy in this case, and delivered to the bank the above-designated certificates of insurance.

On or about July 10, 1933, for the purpose of securing said indebtedness, which was larger in amount than the security held by the bank or executed to it, at or about that time, and for the purpose of further securing and paying on said indebtedness, Charles T. Koser had executed on the back of each of the certificates of insurance the following:

"Change of Beneficiary. I Charles T. Koser, holder of the within certificate No. 158424, hereby revoke all directions by me heretofore made as to the disposition of the benefits accruing hereunder, and now direct that the said benefits shall be paid to the Citizens National Bank of Winterset, Iowa.

"[Signed] Charles T. Koser
(Members Signature)
"[Signed by two witnesses.]"

And further stating: "Dated at Winterset, Iowa, this 10th day of July, 1933."

A similar indorsement was made on certificate No. 50553. Copies of these indorsements were sent to the Bankers Life Company at Des Moines and their receipts were acknowledged by the company on July 18, 1933, but the company refused to give its consent to the change of beneficiary on the ground that, as the certificate was issued for the benefit of a wife, the beneficiary could not be changed and become payable to a creditor. This advice was again conveyed to the bank by a letter from the company, dated July 24, 1933, with the following statement:

" * * * We are aware of the fact that the certificates are not at this time payable to the member's wife, and note in your letter that the originally designated beneficiary is now deceased. While it appears that the purpose of the law has been fulfilled, in the absence of a ruling to the contrary, it is necessary for this company to adhere to a literal translation of the law.

"In view of the fact that the certificates are now payable to the member's executor or administrator, it is possible for him to dispose of the proceeds thereof by means of his will. * * *"

The court finds that at the time of the attempted assignment or change of beneficiary on July 10, 1933, the bank agreed with Mr. Koser as a consideration for the transfer to it that it would pay the premiums to become due during the lifetime of said C. T. Koser, and did pay one annual premium on each of the certificates due, and would have paid succeeding premiums had not Mr. Koser died before the second premiums were due.

524

## Conclusions of Law.

█ In the absence of any statute to the contrary, a beneficial life insurance company has the right to provide by the terms of its contract to whom the proceeds of the certificates shall be paid. It also has the right to require that in the changes of beneficiaries the requirements of its rules and regulations with reference to the method of that change shall be observed.

█ The rights of a beneficiary in an insurance policy must be gauged by the terms of the policy or certificate.

█ One of the by-laws applicable to certificate No. 50553, and which the parties have stipulated constitute a part of the contract of insurance, reads as follows:

"Article 2. ·Beneficiary. Sec. 2. Any member may, with the consent of the association, make a change in the beneficiary in his Certificate without requiring the consent of such beneficiary. The change shall be made by endorsement on the Certificate, a duplicate of each endorsement shall be furnished to the Home Office and shall not be binding until the consent of the Association shall be endorsed thereon and no change shall be consented to unless the new beneficiary shall be the wife, relative, legal representative, heir or legatee of the member."

A change of beneficiary then to a creditor could not be made under the contract of insurance, and the refusal of the company to consent to the change of beneficiary under policy No. 50553 was warranted by this limitation upon who could be beneficiary under the policy. Even if the change of beneficiary had been approved by the company, as far as this certificate is concerned, it would have to be held illegal as outside the contractual rights of the insured to make.

█ The same provision is found in the by-laws in effect at the time of the execution of certificate No. 158424, with the difference that to said by-laws there is added the following: "Except that if the certificate was issued for the benefit of others than the wife ·and children of the member, it may be changed so as to be payable to creditors."

A creditor then under this policy could become a beneficiary under this imposed condition.

Both of the certificates, after naming the wife as beneficiary, provided as follows: "In the event of the death of the beneficiary prior to that of the member, * * * the benefit then to be payable to the legal representatives of the deceased member."

It appears therefore that there is some ambiguity under the fact situation here presented and this by-law, as under the equities here shown the by-law might well be construed to mean that, if a certificate was issued with the wife as beneficiary and on conditions to the legal representatives, the benefit would not be payable to the wife or children alone, and thus the beneficiary might be changed under the wordings of the certificate to a creditor.

However, at the time of the issuance of said insurance certificate, section 1789 of the Code of 1897 of the state of Iowa provided with reference to beneficiaries of assessment life insurance companies as follows:

"Sec. 1789. *Insurable Age—Beneficiary—Assignment of Policy.* No association organized. or operating under this chapter shall issue a certificate of membership to any person under fifteen nor over sixty-five years of age, nor unless the beneficiary named in the certificate is the husband, wife, relative, legal representative, heir, creditor or legatee of the insured member, nor shall any such certificate be assigned. Any certificate issued or assignment made in violation of this section shall be void. The beneficiary named in the certificate may be changed at any time at the pleasure of the. assured, as may be provided for in the articles or by-laws, but no certificate issued for the benefit of a wife or children shall be thus changed so as to become payable to the creditors."

This statute of the state must be considered as a part of the contract of insurance and of the same force and effect as if it were incorporated in the policy. It clearly states that "no certificate issued for the benefit of a wife or children shall be thus changed." Any ambiguity in the policy must disappear in the light of this statute and be construed to mean that, if the original policy named the wife as a beneficiary, it could not be changed to make a creditor a beneficiary.

It is unfortunate that the company did not make provision for a change of beneficiary to a creditor after the death of a wife, but it did not do so, and we are bound by the contract of insurance and not by what might have been done to have met certain situations and circumstances.

The refusal of consent to the change of beneficiary by the association or company would not alone void the change, as the insured complied with all requirements of the by-laws to effect it, and equity could compel that to be done which. ought to be done. Shuman v. A. O. U. W., 110 Iowa, 642, 82 N.W. 331; Wandell v. Mystic Toilers, 130 Iowa, 639, 105 N.W. 448; Holden v. Modern Brotherhood, 151 Iowa, 673, 132 N.W. 329.

But considering this change to have been made, the laws of the state of Iowa and the organic laws of the association make any such change unauthorized and void. Smith v. Knights of Maccabees, 127 Iowa, 115, 102 N.W. 830, 69 L.R.A. 174; Crocker v. Hogin, 103. Iowa, 243, 72 N.W. 411; Bush v. Modern Woodmen, 182 Iowa, 515, 152 N.W. 31, 162 N.W. 59; Weiditschka v. Supreme Tent et al., 188 Iowa, 183, 170 N.W. 300, 175 N.W. 835; Farrens v. Mutual Benefit Dept., 213 Iowa, 608, 610, 239 N.W. 544.

As a final conclusion of law, I find that the returns from these certificates belong to, and must be paid to, the administrator of the estate of Charles T. Koser, deceased, subject to the costs of this proceeding. The attorney for the intervener administrator will prepare a decree, being careful to observe Equity Rule No. 71 of the Supreme Court of the United States (28 U.S.C.A. following section 723) governing equity practice and procedure in the federal court.